Christ, J.
This is an article 78 proceeding brought to review the determination of the board of zoning and appeals of the Town of North Hempstead in granting an application of Saddle Rock Estates Land Co., Inc., to use premises as a recreational area including a swimming pool and bathhouse facilities and for certain variances incidental thereto. A number of questions are presented upon which the petitioners seek to have a determination by this court. These haAre been considered but the court has concluded that only íavo are essential to its decision.
The petitioners claim that the board Avas without authority to render the determination made because it failed to fix a time for the hearing of the application pursuant to section 267 of the ToAvn Law. The pertinent portion of subdivision 5 of section 267 provides as follows: ‘1 The board of appeals shall fix a reasonable time for the hearing of the appeal or other matter referred to it and give public notice thereof by the publication in the official paper of a notice of such hearing, at least five days prior to the date thereof, and shall, at least five days before such hearing, mail notices thereof to the parties, and shall decide the same within a reasonable time. ’ ’
Section 177.0 of the Building Zone Ordinance proAddes as follows: 11 Section 177.0. Upon the filing with the Board of Zoning and Appeals of an appeal or of an application for a permit or variance, the Board of Zoning and Appeals shall fix a time and place for a public hearing thereon and shall give notice thereof as set forth in this Section.”
*670 Here, the board did not meet as a body to fix a time for the hearing of the application. The first hearing on the application was held on April 6, 1955. The setting of this hearing date was accomplished by placing the matter on the board’s calendar for that date. It does not satisfactorily appear from the record at whose direction this item of business was included on that calendar. But it is undisputed that it did not get on the calendar for April 6, 1955, as the result of any formal action on the part of the board in fixing April 6th as the date for a hearing on this particular matter. All other requirements of section 267 relating to advertisement and notice were satisfied. The second or further hearing which, in effect, was a continuation of the first, was scheduled at the direction of the chairman of the board followed by advertisement and notice as required by section 267. With respect to this second or further hearing the record discloses that action was taken in the form of an attempted ratification of the chairman’s action by the board at an executive session. However, the resolution adopted by the board and purporting to ratify the chairman’s action did not record the vote of the board members. Pursuant to the advertised notice of the original hearing and the further hearing the board conducted public hearings on the application and there appears to have been no prejudice to anyone insofar as being deprived of an opportunity to be heard is concerned. Nevertheless, the validity of the proceedings taken at these hearings and the action of the board which followed is open to serious question in view of the failure to comply with the directions set forth in the statute and the ordinance that the board shall fix the time for the hearing of the application. It is argued that to call a meeting just for the purpose of setting a hearing date only serves to delay the process of government. This is perhaps true. But in the court’s judgment such delay is not an inevitable result of the direction that the board fix the time for the hearing.
If the board by official action were to prescribe a standard operating procedure set forth in duly adopted rules for placing matters on its calendar, specifying in what order they shall appear and at what meetings, the details relating to the notice of hearing could be attended to by subordinates in conformity with such rules. The respondents have not alleged either the adoption of such rules or compliance therewith.
The second question raised by the petitioners and requiring a determination by the court arises from the undisputed fact disclosed by the record that action taken by the board at different *671 times during the pendency of this application was taken when the board was convened in executive sessions as distinguished from its open or public sessions. It is the contention of the petitioners that because these actions were taken in executive session the determination of the board on the application was invalid. To resolve this question, reference must be had to subdivision 1 of section 267 which in pertinent part provides: ‘ ‘ All meetings of such board shall be open to the public. Such board shall keep minutes of its proceedings, showing the vote of each member upon every question, or if absent or failing to vote, indicating such fact, and shall also keep records of its examinations and other official actions.”
In the present case, the record shows that the resolution granting the relief sought on the application and showing the vote of the members of the board was adopted at an executive session of such body. In fact, many of the resolutions submitted as part of the record show on their face that they were adopted in executive sessions of the board. An executive session is one from which the public is excluded and at which only such selected persons as the board may invite are permitted to be present. The section under which the board of appeals derives its authority to function is quite explicit that all meetings shall be open to the public (Town Law, § 267, subd. 1). It is argued that the statute does not prohibit executive meetings of the board. The court is not called upon to decide this question since the only question before the court is the validity of purportedly official action taken by the board at an executive session. Only action taken by the board when convened in a meeting open to the public attains the stature of an official determination. Action taken by the board while in executive session with the public excluded is illegal and void. Nor is this invalidity cured by an announcement, subsequently made at a public meeting, of the action already taken at the executive session. To be effective, the powers of the board of zoning and appeals, affecting the property rights of persons subject to its jurisdiction, must be exercised in a meeting open to the public at which each board member voting openly announces his vote at the time he gives it for recording by the clerk of the board.
The conclusion reached by the court finds support in the interpretation given to the provisions of subdivision 3 of section 1708 of the Education Law which in express terms authorizes a board of education to hold executive sessions. The Commissioner of Education has ruled that even though the applicable statute permits boards of education to meet in executive *672 session, all actions taken by such boards must be taken in a general session open to the public and must be recorded in the minutes of the board (Matter of Kramer, 72 N. Y. St. Dept. Rep. 114).
In the light of the foregoing considerations, the court is obliged to find that there has been a failure to comply with the statutory requirements regulating the procedure of the board of zoning and appeals with the result that the determination made cannot be sustained. Accordingly, the petition is granted and the determination brought up for review in this proceeding is reversed and annulled.
Settle order on notice.