D. Ormonde Ritchie, J.
On the return day of an application for an order pursuant to article 78 of the Civil Practice Act, the respondent moved to dismiss the petition as a matter of law as permitted by section 1293 of the Civil Practice Act.
The respondent questions the jurisdiction of the court and the sufficiency of the statement of facts in the petition.
An examination of the petition reveals: That on May 6, 1958, at the annual school meeting of the Union Free School District No. 1, Westbury, Town of North Hempstead, the majority of the qualified voters rejected the budget for the ensuing year because it failed to show a reasonable increase in the salaries for the teachers; that on May 13, 1958, the respondent determined to call another “ meeting” for June 10, 1958; that on May 15, a notice to the effect that the “ meeting ” would be held was published in the Westbury Times, a newspaper generally circulated in the district; that the notice provided for a “ meeting ” and election to take place at the same time in two places approximately one mile apart; that the identical budget previously rejected is to be resubmitted to the voters; that a “ meeting ” in two separate places is in violation of section 2022 of the Education Law and other statutes.
Annexed to the petition and incorporated therein by reference is the “ notice of the Special District Meeting” for June 10, 1958. The notice insofar as pertinent provides for voting by ballot at the two election districts established by the board of education.
It is well settled that the court has jurisdiction of matters relating to the administration of the public school system where it is claimed ‘ ‘ that a school board or official has proceeded to act in violation of an express statute, and thereby the party complaining is being deprived, of valuable rights, * * * notwithstanding another method of settling the controversy has been provided ” (Matter of O’Connor v. Emerson, 196 App. Div. 807, 810, and cases cited, affd. 232 N. Y. 561). Here, the petitioners allege that the meeting will result in a violation of subdivision 2 of section 2022 of the Education Law, in that the petitioners and other qualified voters will be denied the right *254 (1) to have each item of the estimated expenditures voted upon separately and (2) to increase or reduce the amount of any expenditure, except for teachers’ salaries. But, subdivision 2 of section 2022 expressly excludes from that statute ‘ ‘ meetings ’ ’ which are held in separate election districts established pursuant to section 2017 of the Education Law. The petition does not contain factual allegations to show that the respondent has not heretofore divided the school district into election districts in accordance with the requirements of section 2017. Absent such factual allegations, it must be presumed that the respondent complied with the statute and, therefore, the meetings may be held at the time and places provided in the notice.
With respect to the resubmission of the identical budget to the voters, that is a matter of discretion with the respondent. No statute is involved. Moreover, were the court concerned with the exercise of that discretion it would not hold that the conduct of the respondent was unreasonable in view of the fact that at the meeting of May 6,1958, all items of the proposed budget were approved except the item for teachers’ salaries, and as to that item the voters had no authority to increase or reduce the estimated expenditure (Education Law, § 2022, subd. 2). Nor could it be held that the respondent acted with undue haste in the resubmission of the budget, since the new school year commences on July 1.
Accordingly, as the petition fails to plead facts showing that the determination of the respondent to call a special meeting was not in conformance with the statute, the motion to dismiss the petition is granted.