In the Matter of BENNY KLEIN et al., Petitioners, against RALPH L. BOHN et al., Constituting the Zoning Board of Appeals of the City of Mount Vernon, et al., Respondents.— Proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the respondent Zoning Board of Appeals granting a variance to the respondent Locks Laboratories, Inc., to erect a building 27 feet below grade, with parking facilities on the roof thereof, on real property adjoining or abutting that of petitioners. The proceeding has been transferred to this court (Civ. Prac. Act, § 1296). Determination unanimously confirmed, without costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ.

In the Matter of DONALD KURSCH et al., Appellants, against BOARD OF EDUCATION, UNION FREE DISTRICT NO. 1, TOWN OF NORTH HEMPSTEAD, NASSAU COUNTY, Respondent.— Appeal from an order dismissing the petition for insufficiency, pursuant to section 1293 of the Civil Practice Act. At an annual meeting of respondent on May 6, 1958 the qualified voters rejected the school budget proposed by respondent by a vote of 315 to 252. On May 13 respondent resolved at a closed meeting to call a special meeting on June 10 for the qualified voters to vote at designated polling places in separate election districts on the identical budget rejected on May 6. On May 20 appellants, who are teachers in the public schools of the district, instituted this proceeding to review respondent's determination to call said special meeting and election. Appeal dismissed, without costs, as academic. The petition is sufficient on its face. The resolution of May 13 to call the special meeting of June 10 was adopted at a closed session. This was contrary to the statute (Education Law, § 1708, subd. 3), which has been interpreted to mean that an executive session of a board of education is available only for purposes of discussion and that all formal, official action of the board must be taken in general session open to the public. (*Matter of Kramer*, 72 N. Y. St. Dept. Rep. 114.) Therefore, the special meeting of June 10 should have been enjoined. However, it appears without dispute that the special meeting was held, that the budget was adopted at the special meeting on that date by a vote of 787 to 452, that the tax was voted, and that the levy has been made. In all probability, a substantial part of the tax has been collected and money has been spent for budgetary items. Under these circumstances, the action at the special meeting of June 10 should not be set aside. (*Matter of District No. 13 of Town of Macedon*, 43 N. Y. St. Dept. Rep. 115.) Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ. [13 Misc 2d 252.]