Manuel W. Levine, J.
In this proceeding pursuant to article 78 of the Civil Practice Law and Rules the petitioner prays for a judgment restraining the respondents ‘1 from holding a special meeting of the voters of the said School District on the 10th day of March, 1964, to vote upon a resolution for the addition, expansion and remodeling of the Wheatley School.”
The petition reveals that on January 28, 1964, a resolution concerning an improvement to the Wheatley School was submitted to the voters for approval. It was rejected by a vote of 1,422 to 1,404. On February 1, 1964, a resolution for the *459 re submission of the same proposition to the voters at a special meeting on March 10,1964, was adopted.
It is the contention of the petitioner: (1) that the adoption by the respondents of the resolution is an abuse of discretion, illegal and unconstitutional and (2) that the proper method for resubmission of the matter is in accordance with section 2008 of the Education Law.
The respondents, in addition to denying that it was an abuse of discretion to provide for another vote within a month and a half after the prior vote, contend (1) that they have the authority to call the meeting pursuant to section 2007 of the Education Law and (2) that the petitioner has failed to exhaust the administrative remedies provided by sections 310 and 2037 of the Education Law.
Section 7801 of the Civil Practice Law and Rules provides that where another body or officer has the power to review a determination an article 78 proceeding will not lie.
Section 310 of the Education Law provides in part “ Any person conceiving himself aggrieved may appeal or petition to the commissioner of education * * *. Such appeal * * * may be made in consequence of any action: 1. By any school district meeting. * * # 7. By any other official act or decision of any officer, school authorities, or meetings concerning any other matter under this chapter, or any other act pertaining to common schools.” While section 310 is generally permissive, it becomes mandatory in an article 78 proceeding under subdivision 1 of section 7801.
Section 2007 of the Education Law provides inter alia: 1 ‘ 1. The board of education in a union free school district shall have power to call special meetings of the inhabitants of the district whenever they shall deem it necessary and proper ” (emphasis supplied). There is no provision in the statute to the effect that if a proposal by the board is once submitted and disapproved that it may not again be submitted by the board absent a finding of fraud, error or misunderstanding in connection with the original submission nor is there any statutory restriction as to the interval of time which must elapse before a matter is resubmitted.
The act of the board in determining to resubmit the proposal to the voters was discretionary. (Education Law, § 2007; Mullooly v. Union Free School Dist., 20 Misc 2d 795; Kursch v. Board of Educ., 13 Misc 2d 252, affd. 7 A D 2d 922; Matter of Leeds v. Board of Educ., 19 Misc 2d 860, affd. 9 A D 2d 905.)
Section 2008, to which the petitioner refers in his reply (par. “ Thirteenth ”) as the proper method for resubmission *460 of the defeated proposal does not by its language or meaning prohibit the course adopted by the respondents. It provides in subdivision 2 thereof a method whereby a definite percentage of the voters may obtain a special meeting unless on appeal to the Commissioner the board shows a valid reason for refusing to call a meeting.
The court has examined Matter of Flinn v. Board of Educ. (154 N. Y. S. 2d 124) upon which the petitioner relies, but aside from the fact that a “substantial majority” defeated the resolution involved therein as opposed to the 18-vote margin out of 2,826 votes cast on the subject proposal it does not appear from the decision that the remedy of appeal under section 310 of the Education Law was considered.
Accordingly, as it appears that no statute was violated, that an administrative determination is involved which may be reviewed on appeal by the Commissioner, this proceeding pursuant to article 78 of the Civil Practice Law and Rules does not lie (Matter of Realy v. Caine, 16 A D 2d 976). Petition dismissed.