THOMAS, APPELLANT, *v.* BOARD OF TRUSTEES OF LIBERTY TOWNSHIP ET AL., APPELLEES.

(No. 1689—Decided March 16, 1966.)

*Messrs. Luchette & Hoffman,* for appellant.
*Mr. David F. McLain,* prosecuting attorney, for appellees.

LYNCH, J. This is an appeal on questions of law from a judgment of the Common Pleas Court in favor of defendants,

appellees herein. The case was submitted on an agreed statement of facts.

Plaintiff, appellant herein, was appointed as police constable by the Liberty Township Trustees in January 1960, and served until April 23, 1963, when he was discharged. Since 1961, John Bluedorn has served as Chief of Police of Liberty Township, and, sometime during 1961, he was orally given authority by the Liberty Township Trustees to hire and fire the personnel of the Liberty Township Police Department. Chief Bluedorn suspended plaintiff for seven days without pay from June 1, 1962, to June 8, 1962, and again from January 1, 1963, to January 7, 1963.

Chief Bluedorn discharged plaintiff on April 23, 1963, for conduct unbecoming a police officer. This day was the regular meeting date of the Liberty Township Trustees, and plaintiff requested an opportunity to appear before the board of trustees relative to his discharge. Chief Bluedorn and plaintiff met with the Liberty Township Trustees at approximately 11:30 p. m. At that time, the Clerk of the Liberty Township Trustees had left the meeting.

Plaintiff was given an opportunity to present his viewpoint and was extended an opportunity to resign, but refused to do so. Thereupon, the Liberty Township Trustees unanimously voted to discharge him from the police department; however, that action of the board was never recorded in the minutes of the meeting of April 23, 1963.

Plaintiff filed suit for wages due him for the balance of 1963 and for the loss of wages during the two prior one-week suspensions. He is now appealing the adverse judgment of the trial court.

The second assignment of error questions the validity of the discharge of plaintiff by the informal vote of the township trustees, which was not made a part of the minutes of the regular meeting.

Sections 501.15 (A) and 507.04, Revised Code, require the township clerk to keep an accurate record of the proceedings of the board of township trustees at all its meetings. However, the recording to be done by the township clerk is a ministerial act, and the omission of making or keeping such a record does not, *per se,* invalidate the action of a board of township trus-

tees, which is otherwise valid. *Ratcliff* v. *Teters*, 27 Ohio St. 66.

The township trustees had the authority to appoint plaintiff pursuant to Section 509.01, Revised Code, and, impliedly, they also had the authority to discharge plaintiff. We hold that they had authority to discharge plaintiff.

Plaintiff also cites as authority for his position the following language from Section 121.22, Revised Code:

"All meetings of any board * * * of any * * * township * * * are declared to be public meetings open to the public at all times. No resolution, rule, regulation or formal action of any kind shall be adopted at any executive session of any such board * * *.

"The minutes of a regular or special session or meeting of any such board, * * * shall be promptly recorded and such records shall be open to public inspection."

Section 121.22, Revised Code, was originally enacted when the writer of this opinion was a member of the Ohio General Assembly, and he is familiar with its background. This law was initiated by representatives of news media to compel all meetings of governmental bodies to be open to the public so that information about such meetings would be available to the public. The rationale for this law is that the public has a right to know everything that happens at the meetings of governmental bodies.

It is clear that the board of township trustees is required by statute to keep a record of its proceedings. If the trustees refused to keep such a record, a court could order them to do so upon the request of any interested party. However, we hold that the omission of making a record of the proceedings of the township trustees does not, *per se,* invalidate the action of the township trustees, which is otherwise valid.

Plaintiff also raises the question of whether the action of the Liberty Township Trustees in voting to discharge plaintiff was done in "executive session" within the meaning of Section 121.22, Revised Code. It is agreed that the only persons present when that action was taken, beside the three township trustees, were plaintiff and Chief Bluedorn.

We do not find any Ohio cases which give a definition of "executive session," but the case of *Matter of Blum* v. *Bd. of*

*Zoning and Appeals*, 1 Misc. 2d 668, at page 671, 149 N. Y. S. 2d 5, contains the following definition, which we approve:

"* * * An executive session is one from which the public is excluded and at which only such selected persons as the board may invite are permitted to be present.* * *"

An executive session of a governmental body is normally one which is limited to the members of the governmental body and such other persons as are specifically invited by such body to attend the meeting. The test is not who is present at a meeting of the governmental body, but whether the meeting is open to the public. If the meeting is open to the public but no one chooses to attend it, except the members of the governmental body, the meeting is not legally an executive session of such body.

In this case, there is no evidence that the public was excluded from the meeting at which the township trustees acted. The action was taken at the end of a regular meeting, and there is a presumption that the township trustees complied with the law and that such meeting was open to the public. Therefore, we hold that the action of the township trustees was not taken at an executive session.

The third assignment of error is that plaintiff could not be suspended or discharged without the filing of a complaint or having a formal hearing as required by Section 3.07 *et seq.*, Revised Code. We hold that a township police constable is not a public officer within the provisions of Section 3.07, Revised Code, or Section 38 of Article II of the Ohio Constitution.

We find no merit in plaintiff's first assignment of error that the township trustees could not delegate to the Township Police Chief the power to hire, fire, or suspend a township police constable prior to the enactment of Section 505.49, Revised Code (on September 24, 1963).

*Judgment affirmed.*

Johnson, P. J., and Jones, J., concur