Executive Sessions — Employment Matters — Closed Title 25 O.S. 201 [25-201] (1968), is not violative of Article XIIIB, Section 1 Oklahoma Constitution. The Board of Regents of Oklahoma Colleges are only authorized to hold executive sessions when considering matters involving employment and then only when ordered by unanimous vote of the members. The Attorney General is in receipt of your letter of June 19, 1968, wherein you state: "I would like to have the Attorney General's opinion concerning 25 Oklahoma Statutes, Section 201, as amended in 1967 Session concerning Open Meetings. Specifically, I would like to know if the language that provides 'That matters under consideration involving employment or appointment may be in sessions closed to the public', refers to hiring only or to hiring and/or firing. Several of the State Agencies are taking the position that when they discuss the possible termination of a State Employee that that is a matter under consideration involving employment and therefore permits the Board or Agency to conduct that particular meeting in private. "In addition to your opinion involving the statutory construction of the above mentioned section, I should like also to know if Article XIIIB, Section 1 of the Constitution of the State of Oklahoma concerning the Board of Regents of Oklahoma Colleges in any way supersedes the provisions of the above cited Statute. I am informed that the Board of Regents of Oklahoma Colleges are construing the particular language in Section 1 which reads 'no Executive Board meetings shall be held at any time unless such executive session is ordered by a unanimous vote of the Board,' in such a fashion as to permit them to have an executive session on any subject, the Oklahoma public meeting law as cited above to the contrary notwithstanding, whenever they vote such executive session by a unanimous vote of the Board." In connection with these facts, you, in effect, ask the following two questions: 1. Does 25 O.S. 201 [25-201] (1967), permit closed sessions for the purpose of discussing termination of employment? 2. Does Article XIII-B, Section 1 Oklahoma Constitution, supersede the provisions of 25 O.S. 201 [25-201] (1967), regarding public meetings? 25 O.S. 201 [25-201] (1967), provides: "All meetings of the governing bodies of any state or local department, board, commission, authority, agency, division, subdivision or trusteeship, including municipalities, counties and school districts, supported in whole or in part by public funds or entrusted with the expending of public funds, or administering public properties, shall be conducted in sessions open for the attendance of the public, except that matters under consideration involving employment or appointment may be in sessions closed to the public, provided, however, that the vote or action shall be in public meeting; provided further, that any member of the legislature appointed as a member of a committee of either branch of the legislature or joint committee thereof or a committee of the State Legislative Council shall be permitted to attend any closed session authorized by this section whenever the jurisdiction of such committee includes the actions of the public body involved." ArticleXIII-B, Section 1 Oklahoma Constitution, is in pertinent part: "No executive board meetings shall be held at any time unless such executive session is ordered by a unanimous vote of the Board." In Opinion No. 68-231, a copy of which is enclosed, we feel we answered your first question in the affirmative when we said: "By necessity the discussion of 'employment and appointment' includes any relevant discussion concerning the commencement, continuation or termination of employment or appointment. It is therefore the opinion of the Attorney General that the only business that can be transacted in closed session under the terms of Section 201 is the discussion of the commencement, continuation or termination of the employment or appointment of an individual employed with or appointed by the governing body." We do not find any Oklahoma cases which define "executive session" but such phrase is defined in the case of Matter of Blum v. Board of Zoning and Appeals, 1 Misc.2d 668, 149 N.Y.S. 2d 5, and in the case of Thomas v. Bd. of Trustees, 215 N.E.2d 435,5 Ohio App.2d 265, as follows: ". . . An executive session is one from which the public is excluded and at which only such selected persons as the board may invite are permitted to be present. . . ." Under the provisions of Section 201, supra, executive sessions cannot be held by any governing body, supported in whole or in part by public funds, except when the body is considering employment or appointment or personnel. This law was initiated by representatives of news media to compel all meetings of governmental bodies to be open to the public so that information about such meetings would be available to the public. The rationale for this law is that the public has a right to know everything that happens at the meetings of governmental bodies. Article 13-B, Section 1 supra, confers no authority on the Board of Regents for Oklahoma Colleges to hold "executive board meetings" or "executive sessions" of such Board but contains a prohibition against executive board meetings except when ordered by unanimous vote of the Board. It is the opinion of the Attorney General that your second question be answered in the negative. 25 O.S. 201 [25-201] (1967) is not violative of Article 13-B, Section 1, Oklahoma Constitution. The Board of Regents of Oklahoma Colleges are only authorized to hold executive sessions when considering matters involving employment or appointment of personnel and then only when ordered by unanimous vote of the members of the Board. (W. J. Monroe) ** SEE: OPINION NO. 76-334 (1976) **