Harold L. Wood, J.
By order to show cause dated April 2, 1975, petitioner seeks a judgment, pursuant to CPLR article 78:
"1. annulling the resolution of the Board of Education of the Carmel Central School District adopted February 24,1975 at a regular meeting thereof, as being in excess of the jurisdiction and power of the Board of Education under the Education Law, and in violation thereof.
"2. prohibiting, restraining and cancelling the Special District Meeting of the Carmel Central School District presently scheduled to be held on April 16,1975.”
It appears from the papers before the court that respondent, at a regular meeting held on February 24, 1975 adopted a resolution to hold a special district meeting of the voters of the involved school district on April 16, 1975. The stated purposes of said meeting of April 16, 1975 were as follows: (a) to acquire for a school site approximately 40 acres of a 100 acre parcel owned by petitioner for a cost estimated at $200,-000; (b) to levy and collect a tax in that amount for that purpose; (c) to issue tax bonds or similar obligation in that amount.
The thrust of petitioner’s pending application is that the afore-mentioned resolution is illegal and must be restrained upon the following grounds: (1) the respondent has exceeded its jurisdiction in violation of the Education Law; (2) the respondent has no bona fide intent to acquire a school site but is merely seeking the subject acreage for investment or speculative purposes; (3) that, even were respondents to proceed to acquire this acreage in condemnation, no compliance with the Condemnation Law is shown by way of necessity for procurement of petitioner’s property.
By notice of motion, dated April 9, 1975, respondent has cross-moved for an order, pursuant to CPLR 7804 (subd [f]) and section 2037 of the Education Law, dismissing the petition in point of law. It is respondent’s contention, inter alia, that section 2037 of the Education Law vests jurisdiction over the purported validity of a school district meeting solely in the Commissioner of Education.
"All disputes concerning the validity of any district meeting or election or of any of the acts of the officers of such meeting *1045 or election shall be referred to the commissioner of education for determination and his decisions in the matter shall be final and not subject to review. The commissioner may in his discretion order a new meeting or election.” (Education Law, § 2037.)
It has been held that attacks upon the validity of a proposed school district meeting are, under section 2037 of the Education Law, within the exclusive province of the Commissioner of Education, in the first instance. (Buchko v Board of Educ. of Connetquot Cent. School Dist. No. 7, 43 Misc 2d 43; see, also, Matter of Pacos v Hunter, 29 Misc 2d 404; Turco v Union Free School Dist. No. 4, Town of North Hempstead, 43 Misc 2d 367, affd 22 AD2d 1018.) Concededly, a situation may arise which, at first blush, seems to fall within the principle above enunciated but which, on closer analysis, permits an initial attack thereon in Supreme Court (Ferraro v City School Dist. of City of Schenectady, 69 Misc 2d 800). However, in the opinion of this court, the instant application presents no issues which would take it outside the requirements of section 2037 of the Education Law.
In Matter of Galloway v Saletan (42 Misc 2d 458, affd 20 AD2d 796), the court held, that, under the facts of that case, the administrative decision of respondent could be reviewed by both the Commissioner of Education and the court.
In Matter of Raffone v Pearsall (39 AD2d 208), a proposed school budget was approved by the qualified voters. A new superintendent of schools thereafter sought an increase in the budget to the extent of $180,888 claiming the items constituting that amount were "ordinary contingent expenses” which could be approved by the school board without any further submission thereon to the vote of the school district’s qualified voters. It was contended there, inter alia, that the aggrieved party (a real estate taxpayer) must attack that increase by initial appeal to the Commissioner of Education. It was held, under these circumstances (p 210): "that the aggrieved party may adopt that procedure or he may at his option appeal to the court in the first instance, although in most cases it is preferable first to appeal to the Commissioner because of his expertise on the subject [citing cases]” (emphasis supplied).
This court feels, under the cases, that nothing has been introduced here by petitioner to take the instant application out of the salutary provisions of section 2037 of the Education *1046 Law and that petitioner’s application for relief should have been initially addressed to the Commissioner of Education.
Petitioner urges that a special meeting called solely for the purpose of authorizing the purchase of a school site without concomitantly seeking approval of the school building to be erected thereon is a violation of the proscriptions enunciated by the Education Law.
Specifically, petitioner relies upon subdivision 6 of section 1709 of the Education Law which states:
"The said board of education of every union free school district shall have power, and it shall be its duty:
"6. To purchase sites, or additions thereto, for recreation grounds, for agricultural education purposes, and for schoolhouses for the district, when designated by a meeting of the district; and to construct such schoolhouses and other structures and additions thereto as may be so designated”.
Petitioner seeks to read into this section the requirement that at every meeting called by the school board to authorize the purchase of a site for a proposed schoolhouse must be simultaneously accompanied by the proposed plans for the eventual building to the end that both proposals — purchase of the site and erection of the proposed building — be dealt with at the single meeting.
This court is unable to read such a dual requirement into that section. Even a tortured interpretation does not necessarily lead to such a conclusion.
It is undisputed that respondent is a school district with more than 5,000 population. Under subdivision 2 of section 401 of the Education Law such a board of education "may, without a vote of the qualified voters of said district, designate sites or additions thereto for schoolhouses”. There is no concomitant requirement that such a permissive designation be accompanied by submission of plans for the eventual school building to be erected thereon.
In Matter of Union Free School Dist. No. 1 of Town of Greenburgh (22 NY St Dept Rep 681, 685), petitioner’s instant contention was answered thusly: "The failure to submit to the meeting a proposition for the erection of the new building does not affect the validity of the resolution selecting the site, and such failure is not sufficient to require setting aside the action of the meeting.”
This court cannot subscribe to petitioner’s apprehensions *1047 that respondent’s motives, in this instance, are to acquire this property for "speculation” or "investment”. The out of context statements attributed to various school board members in newspaper articles relied on by petitioner to illustrate such motives appear to be mere speculation by petitioner.
Petitioner’s concern that after the purchase of a site, if so authorized, no schoolhouse may thereafter be erected, can be allayed. In Matter of Union Free School Dist. No. 1 of Town of Greenburgh (supra, p 685) it was held that: "It must be assumed that the board of education intends so far as lies within its power to perform its duty in providing proper buildings for the housing of its pupils and it must also be assumed that in voting the necessary appropriation for an adequate site for such school building the voters of the district intended to indicate their purpose to erect a proper building upon such site * * * If the board fails or refuses to call a meeting for such purpose within a reasonable time, the matter may be again brought to the attention of the Commissioner of Education, and such action will be taken thereon as may be deemed appropriate. It would not be proper, however, to delay or impede the purchase of the present site by continuing this restraining order until the appropriation for the new building is voted.”
It is for the foregoing reasons that the proceeding is dismissed for lack of jurisdiction and the cross motion to that end is granted. Further the temporary restraining order contained in the order to show cause heretofore issued is vacated.