■ In the Matter of ANNA TALAVERA, Petitioner, v NEW YORK CITY HOUSING AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 (1) to annul respondent's determination, dated January 10, 1974 and made after a hearing, which declared petitioner to be ineligible for continued occupancy of a certain apartment on the ground of nondesirability and (2) to restore her to the status of a desirable tenant. Determination confirmed and petition dismissed on the merits, without costs. It is our opinion that the determination under review is supported by substantial evidence presented at the fair hearing accorded petitioner and her husband by respondent. Rabin, Acting P. J., Latham, Cohalan, Margett and Brennan, JJ., concur.

■ In the Matter of UNITED TEACHERS OF NORTHPORT et al., Appellants, v NORTHPORT UNION FREE SCHOOL DISTRICT et al., Respondents.—In a proceeding to confirm an arbitration award, in which respondents cross-moved to vacate the award, petitioners appeal from a judgment of Supreme Court, Suffolk County, dated March 11, 1975, which denied the motion to confirm and granted the cross motion to vacate the award. Judgment affirmed, with $50 costs and disbursements. The arbitration award contravened public policy and was in violation of subdivision 3 of section 1708 of the Education Law in that it improperly validated an action (reinstatement of the individual petitioner, an employed teacher, as director of student activities) taken by the respondent board of education in executive, rather than in open, session (see *Matter of Kursch v Board of Educ., Union Free School Dist. No. 1, Town of No. Hempstead*, 7 AD2d 922; *Matter of Flinn*, 154 NYS2d 124). Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.

■ In the Matter of WILLIAM T. (ANONYMOUS), Appellant.—Appeal from an order of the Family Court, Queens County, dated April 17, 1975, which, after a hearing, adjudged that appellant is a juvenile delinquent and ordered him placed in the custody of a New York State Training School. Order affirmed, without costs. Under the circumstances revealed at the dispositional hearing, we find that the placement of this youth in a State training school was a proper exercise of discretion. We note that this youth is presently on parole. Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.