SCHOOL BOARDS — OPEN MEETING LAW — EVIDENTIARY HEARING IN EXECUTIVE SESSION — ATTENDANCE AT LAWFUL EXECUTIVE SESSION Under 25 O.S. 201 [25-201] (1971), a local school board can meet in executive session to discuss on an individual basis the rehiring of a school teacher, staff member or administrator; however, it cannot in executive session conduct any evidentiary due process type hearing, such as provided for in 70 O.S. 6-103 [70-6-103] and 70 O.S. 6-122 [70-6-122] (1976), or otherwise hear testimony of witnesses. A local school board has discretion to select those persons which it desires to be present at a lawful executive session, and the decision as to who should be present is within the sound discretion of the board exercised in a reasonable manner based on the facts and circumstances in each instance. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Other than the board members of a local school board, who should be present at a closed executive meeting when a discussion on re-hiring school teachers, staff or administration takes place, especially when witnesses are to be called? As referred to in your request letter, the statutory exception to the requirement of open meetings contained in 25 O.S. 201 [25-201] (1971) reads as follows: ". . . Executive sessions will be permitted only for the purpose of discussing the employment, hiring, appointment, promotion, demotion, disciplining or resignation of any public officers or employees . . " In Attorney General's Opinion 68-231, it was held that, under 25 O.S. 201 [25-201] (1971), discussion of "employment and appointment" by necessity includes any relevant discussion concerning commencement, continuation or termination of employment. Further, as to the definition of the term "executive session", Attorney General's Opinion 68-247 adopted the definition set forth in Blum v. Board of Zoning, 149 N.Y.S.2d 5, and Thomas v. Board of Trustees, 215 N.E.2d 435, which is: "An executive session is one from which the public is excluded and at which only such selected persons as the board may invite are permitted to be present." Attorney General's Opinion 72-233, 5 Okl.Op.A.G. 231, held that the executive session exception to the open meeting law for purposes of discussing employment matters was applicable only to discussion of employment matters relating to individual public officers and employees and does not apply to discussions by local school board concerning collective employment matters not related to the qualifications of any particular individual. Thus, no executive session can be held by a local school board for discussion of collective employment matters not related to the qualifications of any individual. The term "discussing" under the executive session portion of 26 O.S. 201 [26-201] (1971), would not include evidentiary due process hearings where witnesses are called, such as that provided for in 70 O.S. 6-103 [70-6-103] and 70 O.S. 6-122 [70-6-122] (1976), or any other such hearings. All such evidentiary due process hearings must be conducted in the open. Of course, at the close of the evidentiary hearing, a board may deliberate in closed session, in the same manner as a jury does in a court case, to arrive at its decision. See Stillwater Savings and Loan Association v. Oklahoma Savings and Loan Board, 534 P.2d 9 (1975). A board cannot, however, go into executive session to hear witnesses. Concerning the discussion of the rehiring of an individual teacher, staff member or administrator, related to the qualifications of that particular person, a local school board can, under 25 O.S. 201 [25-201] (1971), meet in executive session and in so doing can select those persons which the board desires to be present, but the board cannot hear witnesses in such session. As to who should be present at closed executive sessions, this is dependent upon the fact and circumstances in each instance and must be resolved within sound discretion of the board exercised in a reasonable manner. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Under 25 O.S. 201 [25-201] (1971), a local school board can meet in executive session to discuss on an individual basis the rehiring of a school teacher, staff member or administrator; however, it cannot in executive session conduct any evidentiary due process type hearing, such as provided for in 70 O.S. 6-103 [70-6-103] and 70 O.S. 6-122 [70-6-122] (1976), or otherwise hear testimony of witnesses. A local school board has discretion to select those persons which it desires to be present at a lawful executive session, and the decision as to who should be present is within the sound discretion of the board exercised in a reasonable manner based on the facts and circumstances in each instance. (GERALD E. WEIS) (ksg)