OPINION OF THE COURT
Victor J. Orgera, J.
This is an article 78 proceeding pursuant to section 102 of the Public Officers Law to annul the action of the respondent board which terminated the employment of the petitioner.
On June 4,1980, the board met in executive session and voted 6 to 3 to terminate the employment of the petitioner, a probationary teacher, effective July 7, 1980.
The petitioner contends that the afore-mentioned action of the board contravened provisions of the Open Meetings Law (Public Officers Law, art 7) and subdivision 3 of *268 section 1708 of the Education Law, which require that such action be taken only at meetings open to the general public.
Section 95 of the Public Officers Law expresses the legislative intent: “It is essential to the maintenance of a democratic society that the public business be performed in an open and public manner and that the citizens of this state be fully aware of and able to observe the performance of public officials and attend and listen to the deliberations and decisions that go into the making of public policy. The people must be able to remain informed if they are to retain control over those who are their public servants. It is the only climate under which the commonweal[th] will prosper and enable the government process to operate for the benefit of those who created it.” Section 98 of the Public Officers Law provides that: “(a) Every meeting of a public body shall be open to the general public, except that an executive session of such body may be called” and subdivision 1 of section 100 of that law provides that: “Upon a majority vote of its total membership, taken in an open meeting pursuant to a motion identifying the general area or areas of the subject or subjects to be considered, a public body may conduct an executive session [on] matters leading to the *** dismissal *** of a particular person”.
While the Open Meetings Law provides for executive sessions they are permissible only under the express conditions and enumerated purposes contained therein (Matter of Orange County Pub., Div. of Ottaway Newspapers v Council of City of Newburgh, 60 AD2d 409, affd 45 NY2d 947). In this case the respondent has offered no justification for its failure to comply with the conditions precedent to conducting an executive session. Accordingly, the action taken by the respondent at executive session is in violation, of the Open Meetings Law and is a nullity.
The court’s decision makes it unnecessary to address the effect, if any, of subdivision 3 of section 1708 of the Education Law.
Costs and reasonable attorney’s fees are awarded to the petitioner. The attorney for the petitioner may submit his affidavit of services for the court’s consideration.
*269 (Motion for reargument, February 24, 1981)
Motion of respondent for leave to reargue its motion for judgment dismissing the petition in a CPLR article 78 proceeding and confirming that the respondent board acted properly in connection with its action taken in executive session, in terminating the petitioner’s employment, is denied.
Respondent has not shown that the court has previously overlooked or misapprehended relevant facts, nor misapplied any controlling principle of law. (Foley v Roche, 68 AD2d 558.)
Movant’s reference to the obtaining of an exact transcript of the tape recording of proceedings before the board, subsequent to the determination of the court, is not persuasive. Even though the tape may not have been available, knowledge was nevertheless had of the board proceedings, and the transcript now furnished does not supply new facts such as would lead to a change in the decision rendered by the court. Indeed, it buttresses the fact that no vote was taken by the board members for the holding of the executive session.
The cases cited by movant are distinguished as follows: Matter of New York Univ. v Whalen (46 NY2d 734, 735) notes that “courts are empowered, in their discretion and upon good cause shown, to declare void any action taken by a public body in violation of the mandate of this legislation.” The “good cause shown” in the case now before this court, was the failure of the board to comply with the “Open Meetings Law” (Public Officers Law, § 100, subd 1), specifically mandating a majority vote of the total membership of a public body, taken in an open meeting, as a prerequisite for the conduct of an executive session. The other case cited, Matter of Addesso v Sharpe (44 NY2d 925), only addressed the question of whether a zoning board had acted in good faith in deliberating in private. A Mayor had sought to remove the members from office for willfully and intentionally disregarding the mandate of the Open Meetings Law. The case is not seen as having applicability in this proceeding.
*270 Finally, the quotation in respondent-movant’s brief from an Albany Law Review article, sets forth in relevant part: “In any action or proceeding the court may declare any action taken in violation of the Open Meetings Law to be void. This power may not, however, be based merely upon an unintentional failure to comply fully with the notice provisions of the statute.” (41 Alb L Rev 329, 353-354.) Section 99 of the subject law sets forth the requirements for public notice of the time and place of a meeting. The obvious reference in the article is to the giving of such public notice in advance of a meeting, not to the requirement for a majority vote on an executive session.