In the Matter of CATHERINE SANNA, Respondent, v LINDEN-HURST BOARD OF EDUCATION, Appellant.

Second Department, March 1, 1982

**APPEARANCES OF COUNSEL**

*Blumberg, FitzGibbons & Blumberg* (*Cruser & Hills* [*Edgar Hills*] of counsel), for appellant.

*Robert & Schneider* (*Ira S. Schneider* of counsel), for respondent.

**OPINION OF THE COURT**

O'CONNOR, J.

Petitioner seeks to employ two statutory provisions in the Public Officers Law and the Education Law, enacted to open governmental decision making to public scrutiny, in order to vitiate the appellant board's determination to

dismiss her as a probationary teacher made in executive session following an apparently boisterous open meeting on June 4, 1980.

At the time petitioner brought the instant CPLR article 78 proceeding, her administrative complaint for similar relief was pending before the State Division of Human Rights; the board, however, has not raised this apparent election of remedies (Executive Law, § 297, subd 9) as a defense in this matter. Special Term (107 Misc 2d 267) agreed with petitioner's argument that the Open Meetings Law (Public Officers Law, art 7) had been violated because the board had convened an executive session to discuss and vote upon petitioner's employment status without the statutorily mandated formality of first moving and voting to conduct such a closed session. The language of the statute (Public Officers Law, § 100) provides as follows:

"1. Upon a majority *vote* of its total membership, *taken in an open meeting pursuant to a motion* identifying the general area or areas of the subject or subjects to be considered, a public body may conduct an executive session [for the purpose of]

"f. * * * matters leading to the * * * discipline, suspension, dismissal or removal of a particular person" (emphasis supplied).

Special Term construed the emphasized language as constituting a condition precedent to board action and, noting that the board had failed to offer any justification for its procedural lapse, declared the board's determination of dismissal a nullity and awarded a reasonable attorney's fee. Special Term expressly declined to reach petitioner's alternative argument based on the Education Law, and also struck decretal paragraphs in the submitted judgment that would have reinstated petitioner with back pay. The board alone took an appeal.

It is the board's position that the relief granted petitioner was too Draconian a remedy for the board's unintentional violation of the law. In particular, it notes that the enforcement provision of the Open Meetings Law (Public Officers Law, § 102, subd 1) authorizes a reviewing court "to declare any action or part thereof taken in violation of

this article void in whole or part" only "in its discretion, upon good cause shown". (See *Matter of New York Univ. v Whalen,* 46 NY2d 734.) Petitioner argues that full compliance with the law would have forced the board to make its procedural decision to enter executive session in front of a hostile audience; additionally, the abbreviated minutes of the closed session were self-serving and therefore of little use to petitioner in pursuing her administrative complaint before the State Division of Human Rights. Petitioner further argues that the substantive vote on the dismissal itself should have been taken publicly under the "open vote" provision of the Education Law (§ 1708, subd 3). (See *Matter of Orange County Pubs., Div. of Ottaway Newspapers v Council of City of Newburgh,* 60 AD2d 409, 418, affd 45 NY2d 947 in relevant part on the opn at the Appellate Division.) That section is similar to a number of statutory provisions requiring government bodies to conduct their meetings in public. (See, e.g., County Law, § 152, subd 3; Town Law, § 267, subd 1; Village Law, § 7-712, subd 1; see, also, 25 Opns St Comp, 1969, p 88.) Petitioner cites in tandem an Open Meetings Law provision expressly preserving requirements in other statutes that expose more of the governmental decisional process to the public than does the Open Meetings Law (Public Officers Law, § 105, subd 2), and certain judicial decisions construing the Education Law (§ 1708, subd 3) authorization for executive sessions as permitting closed-door discussions but forbidding closed-door votes. (See, e.g., *Matter of United Teachers of Northport v Northport Union Free School Dist.,* 50 AD2d 897.)

Upon consideration of these arguments, we modify by reinstating the board's determination, but uphold Special Term's award of counsel fees as the appropriate sanction for the board's violation of both the open meetings article of the Public Officers Law and the open vote requirement of the Education Law.

Fixing the appropriate remedy for the board's wrong is expressly made a matter of judicial discretion by subdivision 1 of section 102 of the Public Officers Law. Although not expressly provided for in the Education Law (§ 1708, subd 3), a measure of discretion was read into the statute

by the same court that judicially approved the Education Commissioner's gloss upon the Education Law that distinguished permissible deliberations in executive session from impermissible voting in anything but an open meeting. (See *Matter of Kursch v Board of Educ.*, 7 AD2d 922; *Matter of Kramer*, 72 NY St Dept Rep 114, 115.)

In exercising our discretion under both statutes, we take cognizance of the fact that petitioner has not sought the ordinary remedy for a defect in procedure leading to a determination, viz., a rehearing, but rather the ultimate relief of a judgment by the reviewing court on the merits of her employment status. Indeed, apart from a demand for an attorney's fee authorized by the Open Meetings Law (Public Officers Law, § 102, subd 2), petitioner asks for no other relief that might be more appropriate in view of the public nature of the wrong committed by the board, such as an injunction against future procedural informalities. (See Wickham, Let the Sun Shine In! Open-Meeting Legislation Can Be Our Key to Closed Doors in State and Local Government, 68 Nw U L Rev 480, 487, 495-499.)

Petitioner essentially seeks to convert those statutory causes of action designed to remedy the injury to the public committed by officials who shielded their acts from public scrutiny, to her personal use as a private individual aggrieved by the board's substantive determination to dismiss her from her probationary position. As Special Term noted (107 Misc 2d 267, 268, *supra*), the purpose of the Open Meetings Law (Public Officers Law, § 95) is to assure the people "that the public business [will] be performed in an open and public manner and that the citizens of this state [will] be fully aware of and able to observe the performance of public officials and attend and listen to the deliberations and decisions that go into the making of public policy." The common law, on the other hand, generally took the position that the public had no right to attend meetings of public bodies. (See Wickham, 68 Nw U L Rev 480, 487.) It would thus seem proper to define petitioner's role in the scheme of open meeting and open vote statutes not as that of a private individual pursuing a personal grievance, but as that of a private attorney-general seek-

ing vindication of the public's right to observe a vote taken on the procedural issue of conducting an executive session and on the substantive issue of dismissing petitioner as a teacher.

This distinction between public and private grievance is particularly compelling in view of the fact that the open meeting statutes grant the public the right to *observe* rather than *participate* in the conducting of public business. It is significant that these statutes were not enacted to control those official functions properly classified as judicial or quasi-judicial (e.g., Public Officers Law, § 103, subd 1), but rather those functions that are executive, legislative or administrative — even when the latter like the former occasionally result in the laying down of a narrow rule applicable to but one individual or a small class of persons. Judicial or quasi-judicial determinations, unlike administrative and even more unlike legislative or executive determinations, implicate substantial *participatory* rights as a matter of due process of law in recognizing the government threat to private entitlement (e.g., hearing on notice, counsel, cross-examination, determination on the record alone based on legal evidence). (See *Matter of Addesso v Sharpe,* 44 NY2d 925; see, generally, 8 Weinstein-Korn-Miller, NY Civ Prac, pars 7801.02, 7801.04, 7803.03, 7803.04; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7801:2, p 26; C7801:3, p 30; Third Ann Report of NY Judicial Council, 1937, pp 133-138, 145-148, 177-178; compare *Matter of Blum v Board of Zoning & Appeals of Town of North Hempstead,* 1 Misc 2d 668, with *State ex rel. Cities Serv. Oil Co. v Board of Appeals,* 21 Wis 2d 516, 537-539; but see *Matter of Orange County Pubs., Div. of Ottaway Newspapers v Council of City of Newburgh,* 60 AD2d 409, 417-418, *supra.*) Since in the instant case petitioner's dismissal was for unsatisfactory performance as a probationary employee, the board's action was not judicial or quasi-judicial and her procedural rights as an individual personally aggrieved by the determination were limited to those granted her as a matter of legislative grace. (See *Matter of Ambrose v Community School Bd. No. 30,* 74 AD2d 870, 871.)\* Therefore, even were this court to review the peti-

---

\* In the absence of a right to participate at the board meeting to the extent of

tion with an eye to petitioner's participatory rights as distinguished from her rights to observe under the open vote statutes, we would conclude that there is no basis in this record for directing the board to redetermine the matter by taking a proper vote upon formal motion on the procedural issue of conducting an executive session and by reconvening thereafter in open session to act on the substantive issue by voting publicly on petitioner's discharge.

In sum, considering the purpose of the open meeting and open vote statutes, we hold that petitioner's standing derived from her membership in that class aggrieved by the board's unintentional lapse in its decision-making process (i.e., the citizenry), and not from her status as the subject of those deliberations whose private employment interests are affected by the resulting determination. That vindication of the public's right to observe might often concomitantly requite a petitioner's private grievance cannot be gainsaid; however, in fashioning a remedy for violation of these statutes, the reviewing court must focus solely upon the public injury.

Accordingly, in examining the propriety of Special Term's remedy for what we have concluded is a public wrong, we recognize that annulment of the original determination dismissing petitioner might invite a lawsuit by petitioner for reinstatement and back pay. (See *Matter of Kursch v Board of Educ.,* 7 AD2d 922, *supra* [disbursements under challenged budget].) On the other hand, directing the board to make a redetermination of the matter at its next meeting with authority to cure its mistake or mischief *nunc pro tunc* would, as with most administrative, legislative or executive determinations, be virtually cost free and therefore essentially no deterrence at all against future violations of the open meeting or open vote statutes. (See Wickham, 68 Nw U L Rev 480, 495-499.)

Balancing these considerations with the fact that the board's violations were apparently the product of unintentional carelessness, we do not think annulment of the board's determination to discharge petitioner was appropriate. Since the board did, however, violate not only the

---

raising an objection to the board's informalities, petitioner cannot be faulted, as the board argues, for not making such an objection.

Open Meetings Law but also the open vote requirement of the Education Law (§ 1708, subd 3), which had been in effect for years prior to enactment of the Open Meetings Law (see *Matter of Kramer,* 72 NY St Dept Rep 114, 115, *supra; Matter of Kursch v Board of Educ.,* 7 AD2d 922, *supra*), we are not inclined to disturb Special Term's award of an attorney's fee pursuant to the Open Meetings Law.

Therefore, the judgment must be modified.

MANGANO, J. P., WEINSTEIN and BRACKEN, JJ., concur.

Judgment of the Supreme Court, Suffolk County, entered December 26, 1980, modified, on the law, by (1) adding to the first decretal paragraph after the words "proceeding is granted", the following: "to the following extent and is otherwise denied", and (2) deleting from the second decretal paragraph everything after the date "July 7, 1980" and substituting the following: "is hereby declared violative of the Public Officers and Education Laws." As so modified, judgment affirmed, without costs or disbursements.