OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 During a public meeting on June 4, 1980, the Lindenhurst Board of Education went into executive session and voted to terminate petitioner’s employment as a probationary teacher. Petitioner, alleging that the executive session violated “open meeting” provisions of the Public Officers Law and Education Law, brought this proceeding to obtain reinstatement. Supreme Court held that the board’s dismissal of petitioner was a nullity and awarded petitioner counsel fees. The Appellate Division modified by reinstating the board’s determination that petitioner be dismissed.
 

 It is undisputed that the board’s executive session was improperly convened. Subdivision 1 of section 100 of the Public Officers Law states that a public body may conduct an executive session only “[u]pon a majority vote of its total membership, taken in an open meeting pursuant to a
 
 *628
 
 motion identifying the general area or areas of the subject or subjects to be considered”. No such public motion was made before the executive session. Nonetheless, petitioner is not entitled as a matter of law to reinstatement. Section 102 of the Public Officers Law provides that whether to declare void an action taken in violation of the statute is a matter for the court’s discretion (see
 
 Matter of New York Univ. v Whalen,
 
 46 NY2d 734). In its opinion, the Appellate Division expressly stated that it was exercising its discretion in denying petitioner’s request for reinstatement. On the record here, it cannot be said that the Appellate Division abused its discretion to fashion appropriate relief.
 

 Likewise, there was no abuse of discretion in the Appellate Division’s refusal to order petitioner’s reinstatement even though the vote to dismiss petitioner should not have been taken at an executive session. Subdivision 3 of section 1708 of the Education Law states that “[t]he meetings of all such boards shall be open to the public, but said boards may hold executive sessions”. Assuming without deciding for present purposes that this statute permits closed-door discussions but prohibits the actual casting and recording of votes by a board in executive session (see
 
 Matter of Kursch v Board of Educ.,
 
 7 AD2d 922;
 
 Matter of Kramer,
 
 72 NY St Dept Rep 114, 115), appellant is not entitled to the relief sought. Although the Education Law does not expressly vest the courts with discretion, as does the Public Officers Law, such discretion has properly been read into the statute (see
 
 Matter of Kursch v Board of Educ., supra).
 
 To the extent that
 
 Matter of United Teachers of Northport v Northport Union Free School Dist.
 
 (50 AD2d 897) may stand for a contrary proposition, it is disapproved.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order affirmed, with costs, in a memorandum.