■ In the Matter of JOHN GOETSCHIUS et al., Respondents, v BOARD OF EDUCATION OF THE GREENBURGH ELEVEN UNION FREE SCHOOL DISTRICT et al., Appellants. [664 NYS2d 811] —In a hybrid proceeding pursuant to CPLR article 78, *inter alia,* to review determinations of the Board of Education of the Greenburgh Eleven Union Free School District dated November 11, 1994, and September 12, 1995, which terminated the employment of certain teachers, and an action for a judgment declaring, *inter alia,* that the Board of Education of the Greenburgh Eleven Union Free School District is in violation of the Open Meetings Law (Public Officers Law art 7), the appeal is from a judgment of the Supreme Court, Westchester County (Nastasi, J.), entered October 17, 1996, which granted the petition and made the requested declarations.

Ordered that the judgment is affirmed, with costs.

The contention of the Board of Education of the Greenburgh Eleven Union Free School District (hereinafter the Board) that

it had a right to deny the petitioners permission to attend the board meetings is without merit. The Open Meetings Law (*see,* Public Officers Law art 7) was enacted to open the decision-making process of elected officials to the public while at the same time protecting the ability of the government to carry out its responsibilities (*see, Matter of Gordon v Village of Monticello,* 87 NY2d 124, 126). The provisions of the Open Meetings Law, which in part provide that "[e]very meeting of a public body shall be open to the general public" (Public Officers Law § 103 [a]), are to be liberally construed in accordance with the statute's purposes (*see, Matter of Gordon v Village of Monticello, supra,* at 127; *Matter of Holden v Board of Trustees,* 80 AD2d 378, 381).

Contrary to the Board's argument, Education Law §§ 2801 and 3020-a do not specifically allow the Board to exclude the petitioners from Board meetings. Instead, these sections allow the Board to adopt rules and regulations for the maintenance of public order on school property. However, Education Law § 1708 (3) specifically provides that "[t]he meetings of all such boards [of education] shall be open to the public". Thus, Education Law § 1708 (3) overrides the general provisions of Education Law §§ 2801 and 3020-a, and contrary to the Board's contention, Education Law §§ 2801 and 3020-a do not supersede the Open Meetings Law (*see,* McKinney's Cons Laws of NY, Book 1, Statutes § 397).

In addition, a finding that the Board's right to exclude the petitioners overrides the petitioners' right to attend the meetings would run afoul of Public Officers Law § 110 which provides that "[a]ny provision of a * * * rule or regulation affecting a public body which is more restrictive with respect to public access than this article shall be deemed superseded hereby to the extent that such provision is more restrictive than this article".

Finally, the Board's exclusion of the petitioners from the premises on which the meetings occurred was overly broad in that the exclusion was not rationally related to the stated policy of the Board to protect the children attending the school.

Courts are empowered, in their discretion, and upon good cause shown, to declare any act taken by a public body in violation of the Open Meetings Law void in whole or in part (*see,* Public Officers Law § 107; *Matter of Roberts v Town Bd.,* 207 AD2d 404). Fixing the appropriate remedy for the Board's actions is expressly a matter of judicial discretion (*see, Matter of Sanna v Lindenhurst Bd. of Educ.,* 85 AD2d 157, *affd* 58 NY2d 626). The uncontroverted record reveals that the Board

engaged in a persistent pattern of deliberate violations of the Open Meetings Law through insufficient notice, unreasonable starting times, improper convening of executive sessions, and improper exclusion of members of the public. Accordingly, it was not an improvident exercise of discretion for the Supreme Court to annul certain actions of the Board and impose attorneys' fees.

The appellants' remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Miller, Ritter and Krausman, JJ., concur.