■ In the Matter of JOHN GOETSCHIUS et al., Respondents, v BOARD OF EDUCATION OF THE GREENBURGH ELEVEN UNION FREE SCHOOL DISTRICT et al., Appellants. [721 NYS2d 386] —In a proceeding pursuant to CPLR article 78, inter alia, to review determinations made at a meeting of the Board of Education of the Greenburgh Eleven Union Free School District on July 24, 1997, the appeal is from an order and judgment (one paper) of the Supreme Court, Westchester County (Nastasi, J.), entered May 17, 1999, which, inter alia, annulled certain determinations that were made in violation of the Open Meetings Law and awarded an attorneys' fee to the petitioners.

Ordered that the order and judgment is affirmed, with costs.

The use of a metal detector at the entrance to public meetings of the appellant Board of Education of the Greenburgh Eleven Union Free School District (hereinafter the Board of Education) did not constitute a per se violation of the Fourth

Amendment guarantee against unreasonable searches and seizures (*see, Legal Aid Socy. v Crosson,* 784 F Supp 1127). The security measures employed by the Board of Education also did not constitute a per se violation of the Open Meetings Law (Public Officers Law art 7). However, the provisions of the Open Meetings Law are to be liberally construed in accordance with the statute's purposes (*see, Matter of Gordon v Village of Monticello,* 87 NY2d 124, 127). The Board of Education engaged in a persistent pattern of deliberate violation of the letter and spirit of the Open Meetings Law by, *inter alia,* improperly convening executive sessions and conducting business in a manner inaudible to the public audience (*see, Matter of Goetschius v Board of Educ.,* 244 AD2d 552).

Courts are empowered, in their discretion, and upon good cause shown, to declare any act taken by a public body in violation of the Open Meetings Law void in whole or in part (*see,* Public Officers Law § 107; *Matter of Roberts v Town Bd.,* 207 AD2d 404). Fixing the appropriate remedy for the Board of Education's actions is expressly a matter of judicial discretion (*see, Matter of Sanna v Lindenhurst Bd. of Educ.,* 85 AD2d 157, *affd* 58 NY2d 626). In view of the Supreme Court's involvement in the Open Meetings Law controversy between these parties since 1996 and the evidence in the record, we conclude that the Supreme Court providently exercised its discretion in annulling certain determinations of the Board of Education which were made in violation of the Open Meetings Law and awarding an attorneys' fee to the petitioners. O'Brien, J. P., Santucci, Luciano and Schmidt, JJ., concur.