■ In the Matter of MICHAEL CHENKIN, Appellant, v NEW YORK CITY COUNCIL, Respondent. [898 NYS2d 839]—

Order, Supreme Court, New York County (Leland G. De-Grasse, J.), entered January 31, 2008, which denied the petition to vacate the appointment or reappointment of Commissioners

to the New York City Planning Commission, and dismissed this CPLR article 78 proceeding, unanimously affirmed, without costs.

Petitioner claims good cause to void respondent's February 1, 2007 appointment or reappointment of Nathan Leventhal, Betty Y. Chen, Richard W. Eaddy and Alfred Cerullo III to the Planning Commission, arguing that he was prevented from attending a hearing the previous day before the Council's Committee on Rules, Privileges and Elections, at which it was recommended that the appointees be approved by respondent, in violation of the Open Meetings Law (Public Officers Law art 7). Petitioner does not claim a failure to comply with the notice provisions under Public Officers Law § 104. Rather, he contends that upon his arrival at the hearing room prior to the scheduled time for the commencement of the hearing, he found the door closed, and a sign posted nearby that read "Council Members and Staff Only." Upon making inquiry, he was allegedly misinformed by a police officer that the meeting had been rescheduled to a later hour. Even if accurate, these claims fail to demonstrate a violation of the Open Meetings Law, and do not establish good cause for judicial intervention under Public Officers Law § 107 (1). The petition does not directly allege that petitioner was intentionally excluded from the hearing (*cf. Matter of Goetschius v Board of Educ. of Greenburgh Eleven Union Free School Dist.*, 244 AD2d 552 [1997]), or indicate the existence of official action designed to circumvent the Open Meetings Law (*see Matter of Thomas v New York Temporary State Commn. on Regulation of Lobbying*, 83 AD2d 723, 724 [1981], *affd* 56 NY2d 656 [1982]). At most, it shows inadvertence or slight negligence on the part of public officials, which is not a sufficient ground upon which to invalidate respondent's action (*see Matter of Roberts v Town Bd. of Carmel*, 207 AD2d 404, 405 [1994], *lv denied* 84 NY2d 811 [1994]). Concur—Gonzalez, P.J., Saxe, Nardelli, McGuire and Moskowitz, JJ.