OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
It is the policy of this State as expressed in its "Open Meetings Law” (Public Officers Law, §§ 95-106) that "public business be performed in an open and public manner and that the citizens of this state be fully aware of and able to observe the performance of public officials and attend and listen to the deliberations and decisions that go into the making of public policy.” (§ 95.) In furtherance of this objective of public accountability, courts are empowered, in their discretion and upon good cause shown, to declare void any action taken by a public body in violation of the mandate of this legislation. (§ 102.) Inclusion by the Legislature of this language vesting in the courts the discretion to grant remedial relief makes it abundantly clear that not every breach of the "Open Meetings Law” automatically triggers its enforcement sanctions. (See, generally, Comment, New York Open Meetings Law: A Critical Evaluation, 41 Albany L Rev 329, 353-354.)
Judicial relief is warranted only upon a showing of good cause. (§ 102, subd 1.) Since appellants have failed to meet this burden, their petition was properly dismissed.
Judges Jasen, Gabrielli, Jones, Wachtler and Cooke concur in a memorandum; Chief Judge Breitel and Judge Fuchsberg taking no part.
Order affirmed.