■ In the Matter of HELEN BURGHER, Individually and on Behalf of a Class of "Former Jones Institute Residents", et al., Appellants, v FRANCIS PURCELL, as County Executive of Nassau County, et al., Respondents. — In a CPLR article 78 proceeding, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Balletta, J.), dated June 23, 1981, which granted respondents' motions to dismiss the petition. Judgment affirmed, without costs or disbursements. In their petition, appellants seek, *inter alia,* relief for an alleged breach of fiduciary duty resulting from the trustees' sale of the property in question. In another proceeding, however, brought by these same appellants for construction of the Jones will, Surrogate Laurino determined that "the acts of the 'Trustees' surrounding the sale of the [property] were within their discretionary powers vested in them". Our agreement with that determination, in the companion appeal decided herewith (*Matter of Jones,* 87 AD2d 891), bars appellants, under the doctrine of *res judicata,* from relitigating any alleged breach of fiduciary duty by the trustees (*Matter of Reilly v Reid,* 45 NY2d 24). Accordingly, we affirm Special Term's refusal to consider those claims. Special Term also correctly determined that appellants have suffered no deprivation of their due process rights. They had no vested property right under the Jones will to remain in the Jones Institute building, which is part of the property in question. The will mandates only that persons such as appellants be housed in a suitable place. Accordingly, they did not have a constitutional right to a hearing before the property was sold. (See *O'Bannon v Town Ct. Nursing Center,* 447 US 773.) Additionally, appellants' alleged traumatic transfer to another home is not a deprivation of a life or liberty interest (*O'Bannon v Town Ct. Nursing Center, supra,* at p 787). Similarly, even assuming all of the facts alleged in the petition to be true, as we must on these motions to dismiss, appellants fail to state a cause of action for conspiracy to deprive them of their civil or constitutional rights. (US Code, tit 42, § 1985, subd [3]; cf. *People v 11 Cornwell Co.,* 508 F Supp 273.) Lastly, while we find that the trustees of the Jones trust are a public body within the meaning of the Open Meetings Law (see Public Officers Law, § 95 *et seq.; Matter of Syracuse*

*United Neighbors v City of Syracuse,* 80 AD2d 984), we further find, as did Special Term in dicta, that the trustees in good faith may not have considered themselves to be public officers so as to compel compliance with the notice provisions of the statute. (*Matter of Syracuse United Neighbors v City of Syracuse, supra; Matter of Tuxedo Conservation & Taxpayers Assn. v Town Bd. of Town of Tuxedo,* 69 AD2d 320, 330.) Accordingly, appellants failed to demonstrate "good cause" to vitiate the actions of the trustees. (See Public Officers Law, § 102; *Matter of New York Univ. v Whalen,* 46 NY2d 734, 735; *Matter of Addesso v Sharpe,* 44 NY2d 925, 927.) Mollen, P. J., Mangano, Weinstein and Thompson, JJ., concur. [109 Misc 2d 531.]