■ In the Matter of EMPIRE FURNITURE FACTORIES, INC., Doing Business as JGE, as Assignor. LEON C. MARCUS, as Assignee, Respondent; DAVID STRAUSS & CO., INC., Appellant. — Appeal from a decision of the Supreme Court, Kings County (Multer, R.), dated December 12, 1979, dismissed, without costs or disbursements. No appeal lies from a decision. Orders of the same court dated February 14, 1980 (Multer, R.), and March 28, 1980 (Monteleone, J.), respectively, affirmed, without costs or disbursements. No opinion. Titone, J. P., Bracken, Niehoff and Boyers, JJ., concur.

■ In the Matter of the Estate of SAMUEL JONES, Deceased. HELEN BURGHER, Individually and on Behalf of a Class of "Former Jones Institute Residents", et al., Appellants-Respondents; TRUSTEES OF THE JONES FUND FOR THE SUPPORT OF THE POOR et al., Respondents, and FRANCIS PURCELL, as County Executive of County of Nassau, et al., Respondents-Appellants. — In a proceeding to determine the construction of a will, petitioners and the Nassau County respondents-appellants cross-appeal from a judgment of the Surrogate's Court, Queens County (Laurino, S.), dated March 4, 1981, which, *inter alia,* granted the respondent trustees' motions to cancel the notice of pendency and for summary judgment dismissing the petition as to them, and denied the motion of the Nassau County respondents-appellants to dismiss the petition as to them. Judgment modified, on the law, by deleting from the first decretal paragraph thereof the provision denying the motion of the Nassau County appellants-respondents to dismiss the petition as to them and substituting therefor a provision granting said motion. As so modified, judgment affirmed, without costs or disbursements. In their petition before the Surrogate, petitioners sought a construction of the will of Samuel Jones. We agree with the Surrogate's determination as to the trustees, *sub silentium,* that there were no triable issues of fact and with his conclusion on the merits that the actions of the trustees were within the discretionary powers vested in them under the will. Moreover, the trustees had the express power to sell the property in question pursuant to the enabling legislation concerning the Jones trust (see Nassau County Civil Divisions Act, § 249, subds 3, 4, L 1939, ch 273, as amd). Accordingly, the Surrogate properly dismissed the petition as against the trustees. However, the Surrogate erred in denying the Nassau County respondents-appellants' motion to dismiss the petition as to them. Neither the will nor the Nassau County Civil Divisions Act (§ 246 *et seq.*), which provides, *inter alia,* for the appointment of the trustees, places any affirmative duties on the Nassau County respondents-appellants to intervene in the actions of the trustees. Accordingly, the petitioners also failed to state a cause of action against these Nassau County respondents-appellants. Mollen, P. J., Mangano, Weinstein and Thompson, JJ., concur.