■ TOWN OF BABYLON, Respondent, v N. RACANELLI ASSOCIATES, Also Known as R-THREE INVESTORS, Appellant.—In an action for a judgment declaring a contract for the sale of real property, dated January 22, 1985, to be invalid, the defendant appeals from an order of the Supreme Court, Suffolk County (Tannenbaum, J.), entered November 21, 1989, which (1) granted those branches of the plaintiff's motion which were for partial summary judgment on the first three causes of action asserted in the complaint declaring that the contract was void and unenforceable on the grounds that it was in violation of General Municipal Law § 507 (2) (c), (d), and (3) and dismissed its first and second counterclaims, and (2) denied its cross motion for summary judgment dismissing the first, second and third causes of action.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted that branch of the plaintiff's motion which was for summary judgment on the third cause of action asserted in the complaint and substituting therefor a provision denying that branch of the plaintiff's motion; as so modified, the order is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate judgment upon the order including provisions declaring that the contract, dated January 22, 1985, whereby certain property, subject to an urban renewal plan, was to be sold to the defendant, is void and unenforceable on the ground that it is in violation of General Municipal Law § 507 (2) (c) and (d), but is not invalid based upon General Municipal Law § 507 (3).

In the first three causes of action in the complaint, the plaintiff sought declarations that the parties' contract, dated January 22, 1985, whereby certain property, subject to an urban renewal plan, was to be sold to the defendant, was void and unenforceable on the ground that it was in violation of certain provisions of General Municipal Law § 507. We agree with the Supreme Court that as alleged in the first and second causes of action, the contract failed to comply with General Municipal Law § 507 (2) (c) and (d). Specifically, all the essential terms and conditions of the sale were not included in the Notice of Public Hearing as statutorily mandated *(see,* General Municipal Law § 507 [2] [c], [d] [1]; *see also, Blaufeux v Paznik,* 162 AD2d 573; *Ashkenazi v Kelly,* 157 AD2d 578). Further, the resolution of the Town Board of the Town of Babylon, which purported to approve the sale, delegated to the Town Attorney the authority to approve "further terms of said sale", in violation of the statutory requirement that the sale is to be approved by the Town Board, as the "governing body" (General Municipal Law § 507 [2] [d] [2]; *see also, New York Tel. Co. v Town of N. Hempstead,* 41 NY2d 691, 695-696). Thus, the contract, which was in violation of those sections of the General Municipal Law, was properly found to be void and unenforceable *(see generally, Granada Bldgs. v City of Kingston,* 58 NY2d 705, 708).

We find no merit to the defendant's contentions that despite the foregoing statutory violations, it is entitled to specific performance of the contract on equitable grounds *(see, e.g., Granada Bldgs. v City of Kingston, supra,* at 708; *Kelly v Cohoes Hous. Auth.,* 27 AD2d 463, 465, *affd* 23 NY2d 692; *Albany Supply & Equip. Co. v City of Cohoes,* 25 AD2d 700, 701, *affd* 18 NY2d 968). However, we do agree with the defendant that the plaintiff's claim alleged in the third cause of action, that the purported contract was in violation of General Municipal Law § 507 (3), lacks merit. That subdivision requires that the document of conveyance of property subject to an urban renewal plan shall contain a provision setting forth a definite and reasonable time period for the completion of the redevelopment of the property; such a provision, however, is not required in the contract of sale. The order appealed from should be modified accordingly. In addition, since this is a declaratory judgment action, we have remitted the matter for the entry of an appropriate judgment declaring that the contract is invalid *(see, Lanza v Wagner,* 11 NY2d 317, 334, *cert denied* 371 US 901). Lawrence, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.