■ In the Matter of DONATO CIPRIANO, Appellant, v BOARD OF ZONING APPEALS OF THE CITY OF GLEN COVE, Respondent. [610 NYS2d 305] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Zoning Appeals of the City of Glen Cove, dated December 31, 1991, which denied the petitioner's application for an area variance, the petitioner appeals from a judgment of the Supreme Court, Nassau County (O'Brien, J.), dated May 15, 1992, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The members of the respondent Zoning Board of Appeals of the City of Glen Cove (hereinafter the Board) denied the petitioner's application for a variance to permit him to erect a two-family dwelling on his vacant lot. The petitioner contends that the Board's decision was arbitrary and capricious since the record shows that on prior occasions other property owners similarly situated had been granted variances. However, the law is well settled that the mere fact that one property owner is denied a variance while others similarly situated are granted variances does not, in itself, suffice to establish that the difference in result is due either to impermissible discrimination or to arbitrary action *(see, Matter of Pesek v Hitchcock,* 156 AD2d 690). At bar, the record reveals that although some property owners, similarly situated, had been granted variances, others had not. Accordingly, it cannot be said that the petitioner in this case was unfairly singled out or that the Board completely abandoned its own precedent.

We further find no merit to the petitioner's assertion that he established practical difficulties, such that his application for a variance should have been granted. Insofar as the petitioner purchased the subject property with knowledge of the existing zoning ordinance, his claimed hardship was self-created. This is a factor that the Board properly considered in deciding to deny the requested area variance *(see, Matter of Graziano v Scalafani,* 143 AD2d 664). We also note that the petitioner failed to demonstrate that he will suffer significant economic injury if the variance is not granted. In its decision the Board noted that the only reason the petitioner wished to construct a two-family dwelling was to maximize profit. However, proof that a parcel may yield a higher profit if a particular variance is granted does not constitute significant economic injury *(see, Matter of Doyle v Amster,* 79 NY2d 592, 596).

Finally, we agree with the petitioner's assertion that the Board in this case improperly failed to vote in public session *(see,* Public Officers Law § 103 [a]; *Matter of Orange County Publs. v Council of City of Newburgh,* 60 AD2d 409). Notwithstanding, even though the Legislature has granted the courts discretionary power to fashion an appropriate remedy *(see,* Public Officers Law § 107; *Matter of New York Univ. v Whalen,* 46 NY2d 734) under the circumstances of this case we find it unnecessary, contrary to the petitioner's contention, to void the Board's determination. Mangano, P. J., Pizzuto, Friedmann and Goldstein, JJ., concur.