[610 NYS2d 686]

In the Matter of MALONE PARACHUTE CLUB, INC., Petitioner, v
TOWN OF MALONE et al., Respondents.

Third Department, April 21, 1994

APPEARANCES OF COUNSEL

*Fischer, Bessette & Muldowney,* Malone *(Richard F. Hunter* of counsel), for petitioner.

*Lillian A. Anderson,* Malone, for respondents.

**OPINION OF THE COURT**

YESAWICH JR., J.

Petitioner, a recreational organization whose members engage in sport parachuting, has for many years used the Malone Dufort Airport, which is owned by respondent Town of Malone, as a base for its activities. Prior to 1990, in addition to using the airport for takeoff and landing of planes, petitioner leased hangar and building space from the Town and utilized airport land as a "drop zone" for parachute jumping. When petitioner's lease expired in 1990, the Town refused to permit further use of airport land for jumping until petitioner procured liability insurance covering claims arising from personal injury or death of the parachutists themselves, and naming the Town as an additional insured. Thereafter, although petitioner's aircraft took off from the airport, parachutists landed on nearby private property. In June 1992, having become aware that club members were again using the airport for a "drop zone", respondent Town Board of the Town of Malone voted to prohibit such jumping until insurance coverage was obtained and, on July 9, 1992, the Town Board adopted Resolution No. 9 to that effect.

Petitioner thereafter commenced this CPLR article 78 proceeding claiming that the Town Board's resolution is preempted by Federal law, is without a rational basis and was adopted in violation of Public Officers Law article 7 (the Open Meetings Law). Finding that the proceeding involved a "substantial evidence" question, Supreme Court transferred it to this Court *(see,* CPLR 7804).

■ Preliminarily, it bears noting that petitioner questions the validity and legality of a Town resolution, not a determination made on the basis of evidence received at a hearing, and hence the questions raised in the petition should have been resolved by Supreme Court *(see,* CPLR 7804 [g]; 7803 [4]). In the interest of judicial economy, however, we will retain jurisdiction, convert that portion of the proceeding in which

petitioner seeks a declaration of its rights to an action for declaratory judgment and render a decision on the merits *(see, Matter of State of New York [State Univ.] v New York State Pub. Empl. Relations Bd.,* 181 AD2d 391, 394).

■ Regarding petitioner's preemption argument, the plain fact is that although Congress has legislated broadly and comprehensively in the field of airspace and flight control, and has effectively precluded any exercise of local police power in those areas *(see, City of Burbank v Lockheed Air Term.,* 411 US 624, 627; *Blue Sky Entertainment v Town of Gardiner,* 711 F Supp 678, 693-694), an exception has been made for regulations enacted by a municipality in its capacity as proprietor of an airport *(see, Santa Monica Airport Assn. v City of Santa Monica,* 659 F2d 100, 104, n 5), as long as those regulations do not directly conflict with existing Federal statutes or regulations *(see, Skydiving Ctr. v St. Mary's County Airport Commn.,* 823 F Supp 1273, 1283, n 7). Having this principle in mind, petitioner argues that the resolution at issue does just that—it runs counter to a requirement, imposed by the Federal Aviation Administration (hereinafter FAA) as a condition of the airport's receipt of Federal funds for renovation and repair, that the airport be made available for all aeronautical users, including parachutists, on a nondiscriminatory basis *(see,* 49 USC, Appendix § 2210 [a]; FAA Airport Compliance Requirements Order No. 5190.6A [b]; *City & County of San Francisco v Federal Aviation Admin.,* 942 F2d 1391, 1393, *cert denied* — US —, 112 S Ct 1665). This contention lacks force, however, for the same regulations explicitly permit municipal proprietors of airports to impose "reasonable" limitations on parachute jumping, including a requirement that parachutists obtain liability insurance naming the municipality as an insured, and further provide that the FAA is to render the final decision as to the reasonableness of the restrictions imposed *(see,* FAA Airport Compliance Requirements Order No. 5190.6A [b] [3]).

Here, unlike in *Skydiving Ctr. v St. Mary's County Airport Commn. (supra),* the FAA has not rendered any determination which could be interpreted as holding that the Town's insurance requirement is unreasonable *(compare, City & County of San Francisco v Federal Aviation Admin., supra,* at 1396). On the contrary, the record indicates that the FAA apparently undertook an investigation of the matter, in response to petitioner's complaint, and the only correspondence received from that agency indicates at least tacit approval of the

Town's requirements. Thus, on this record, petitioner has not demonstrated that the resolution at issue is inconsistent with the pertinent FAA regulations.

■ As for petitioner's claim that the resolution is without a rational basis, the FAA's explicit recognition that a liability insurance requirement is a "reasonable limitation" to be placed on parachute jumping furnishes support for respondents' position, as does the Town's explanation that it cannot afford to bear the risk of liability created by petitioner's activities. And petitioner has not substantiated its assertion that the particular insurance required by the Town is unavailable.

■ Lastly, inasmuch as the resolution at issue was duly adopted at a regular, publicized meeting of the Town Board on July 9, 1992, the mere fact that the Town Board may have undertaken previous discussions or held prior meetings in violation of the Open Meetings Law does not, without more, constitute "good cause" for overturning that resolution *(Matter of New York Univ. v Whalen,* 46 NY2d 734, 735).

MIKOLL, J. P., CREW III, WHITE and PETERS, JJ., concur.

Adjudged that the petition is dismissed, to the extent that it seeks to annul respondents' Resolution No. 9 of 1992; proceeding converted to an action for declaratory judgment, to the extent that it seeks a declaration of petitioner's rights, and it is hereby declared (1) that petitioner has not demonstrated that respondents acted in violation of Public Officers Law article 7, and (2) that petitioner's members are not entitled to parachute onto airport land in violation of respondents' Resolution No. 9 of 1992, without costs.