■ In the Matter of JAMES W. ROBERTS et al., Appellants, v TOWN BOARD OF CARMEL, Respondent. [615 NYS2d 725] —In a proceeding pursuant to CPLR article 78 to compel the respondent to comply with the provisions of the Open Meetings Law (Public Officers Law § 105 [1]), and declaring certain actions taken by the respondent void, the petitioners appeal from so much of a judgment of the Supreme Court, Putnam County (Hickman, J.), dated August 23, 1993, as dismissed the amended petition.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Town of Carmel operates a sewage treatment plant known as Carmel Sewer District No. 2 (hereinafter District 2). In the 1980's, District 2 exceeded its New York State Pollutant Discharge Elimination Systems permit, which regulates the wastewater effluent from the plant. The Town determined that a new treatment plant would correct the problems and connect properties in District 2 which were not previously serviced by the original plant. In 1986, the Town engaged the engineering firm of J. R. Folchetti & Associates as consultant

and design engineer for the purposes of expansion and design of the treatment facilities. In 1990, the New York State Department of Environmental Conservation (hereinafter NYS-DEC) commenced an action against the Town pertaining to the violations at District 2. The New York City Department of Environmental Protection (hereinafter NYCDEP) intervened in the action. In mid-1992, the Town entered into a consent order with the NYSDEC and NYCDEP requiring certain redesign work to be completed by certain specified dates.

The petitioners complain that during July through October 1992 the Town Board, acting as Commissioners for District 2, violated the Open Meetings Law when it discussed, at executive sessions, the redesign work, in particular adjustment of District 2 new plant's capacity from the previously planned 1,400,000 gallons of water per day to 1,100,000 gallons per day and the payment to J. Robert Folchetti & Associates for its redesign services to meet the directives of the consent order. The decisions to downsize the plant and to pay the engineering firm for its additional services were subsequently passed by formal resolution and vote at regularly scheduled public Town Board meetings.

Public Officers Law § 103 (a) (Open Meetings Law), provides that "[e]very meeting of a public body shall be open to the general public, except that an executive session of such body may be called and business transacted thereat". Public Officers Law § 105 (1) (d) states in part that "[u]pon a majority vote of its total membership, taken in an open meeting pursuant to a motion identifying the general area or areas of the subject or subjects to be considered, a public body may conduct an executive session for the below enumerated purposes only, provided, however, that no formal vote shall be taken to appropriate public moneys * * * discussions regarding proposed, pending or current litigation". We find that the subject discussions fall under the "litigation" category.

Courts are empowered, in their discretion and upon good cause shown, to declare void any action taken by a public body in violation of the mandate of the Open Meetings Law *(see, Matter of New York Univ. v Whalen,* 46 NY2d 734, 735; *see also, Matthes v Town of E. Fishkill,* 785 F2d 43). There was no evidence to suggest that the Town Board's failure, if any, to comply precisely with the requirements of Public Officers Law § 105, was anything more than mere negligence which, according to New York law, was not a sufficient ground upon which to invalidate a board's actions *(see, Matthes v Town of E. Fishkill, supra,* at 43). Also, Public Officers Law § 106 (2) is

inapplicable to the subject executive sessions because no action was taken by formal vote at those meetings. Additionally, the refusal of the Supreme Court to consider the sanction of an award of counsel fees to the petitioners was proper *(see, Matter of New York Univ. v Whalen, supra,* at 735; *Botwin v Board of Educ.,* 114 Misc 2d 291). Ritter, J. P., Pizzuto, Santucci and Altman, JJ., concur.