■ In the Matter of DORIS R. GRISWALD, Petitioner, v VILLAGE OF PENN YAN, Respondent. [665 NYS2d 177] —Determination unanimously modified on the law and as modified confirmed without costs in accordance with the following Memorandum: In this CPLR article 78 proceeding, petitioner challenges the determination of the Board of Trustees (Board) of respondent that real property that she owns in the Village of Penn Yan constitutes a public nuisance. As a preliminary matter, we reject respondent's contention that the petition should be dismissed because it was not served on respondent "at least twenty days before the time at which the petition is noticed to be heard", as required by CPLR 7804 (c). In the absence of prejudice to respondent, which was served with the petition 18 days before the return date and had ample time to prepare an answer, we disregard the defect as a mere irregularity and reach the merits of this dispute (*see*, CPLR 2001; *Matter of Marmo v Department of Envtl. Conservation*, 134 AD2d 260, 261; *Matter of Brown v Casier*, 95 AD2d 574, 576-577).

Petitioner contends that the Board's determination was made in violation of lawful procedure. We disagree. The procedures for declaring public nuisances in the Village of Penn Yan, as set forth in chapter 58 of the Penn Yan Village Code, were followed in this case. Petitioner was afforded a hearing to challenge the determination of the Code Enforcement Officer, who inspected the property and deemed it a public nuisance, and the Board thereafter adopted a resolution accepting the Hearing Officer's decision that the property constitutes a public nuisance (*see*, Penn Yan Village Code § 58-6 [E]). Contrary to petitioner's contention, the Board was not required to inform petitioner of the date and time that it intended to consider the Hearing Officer's decision.

We agree with petitioner that the Board violated the Open Meetings Law when it discussed this matter at an executive session (*see*, Public Officers Law §§ 103, 105). Petitioner has failed, however, to show good cause why, as a sanction, we should exercise our discretion to void the Board's resolution (*see*, Public Officers Law § 107; *Matter of New York Univ. v Whalen*, 46 NY2d 734; *Monroe-Livingston Sanitary Landfill v Bickford*, 107 AD2d 1062, *lv dismissed* 65 NY2d 604, 610), which was adopted at a regular session of the Board open to the public, and we decline to do so.

We further conclude that the Hearing Officer's decision that the property constitutes a public nuisance is supported by substantial evidence. Photographs of the property's exterior corroborate the Code Enforcement Officer's testimony that the property has not been adequately maintained and causes a "deteriorating and blighting influence on nearby properties" (Penn Yan Village Code § 58-3 [D]). We agree with petitioner, however, that the lack of water and electrical services to the property does not constitute a public nuisance. The lack of such services to an unoccupied dwelling does not affect neighboring properties and is not detrimental to the general health of the community. As the Hearing Officer found, however, the other conditions cited by the Code Enforcement Officer, involving the property's exterior, constitute public nuisances and must be abated.

Thus, we modify the Board's determination by directing that petitioner, to abate the public nuisances, need not make provisions for water and electrical services to the property, and otherwise confirm. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Yates County, Falvey, J.) Present— Pine, J. P., Lawton, Hayes, Wisner and Fallon, JJ.