■ In the Matter of BARBARA OSHRY et al., Respondents, v ZONING BOARD OF APPEALS OF THE INCORPORATED VILLAGE OF LAWRENCE et al., Appellants. [713 NYS2d 564] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Incorporated Village of Lawrence, dated October 30, 1998, which, after a hearing, granted the applications of Joshua Kalish for two area variances, (1) Joshua Kalish appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated June 25, 1999, and (2) the Zoning Board of Appeals of the Incorporated Village of Lawrence appeals from a judgment of the same court, entered July 20, 1999, which granted the petition and annulled the determination.

Ordered that the appeal from the order is dismissed, without costs or disbursements, as no appeal lies as of right from an order in a proceeding pursuant to CPLR article 78 and leave to appeal has not been granted (*see,* CPLR 5701 [b]); and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The Zoning Board of Appeals of the Incorporated Village of

Lawrence (hereinafter the ZBA), violated the "Open Meetings Law" (Public Officers Law § 103) by failing to vote in a public session when approving the subject applications for variances (*see, Matter of Cipriano v Board of Zoning Appeals,* 203 AD2d 362). The record indicates that after some general discussion of the applications and requests for an adjournment from persons opposing the variances, the chairman of the ZBA announced the decision to grant the variances without any vote or discussion by the members of the ZBA.

Additionally, although not dispositive, the notice of the hearing was inaccurate, the room in which the hearing was held was inadequate to hold the number of people who wished to attend the hearing, and the ZBA provided no basis for its refusal to grant the reasonable requests of several objectants for an adjournment. While a violation of the Open Meetings Law alone may not be sufficient to invalidate the determination of the ZBA (*see, Matter of Cipriano v Board of Zoning Appeals, supra*), where, as here, there are other concerns regarding the procedures followed in granting the variances, the Supreme Court providently exercised its discretion in annulling the determination (*see,* Public Officers Law § 107; *Matter of New York Univ. v Whalen,* 46 NY2d 734). Bracken, J. P., Santucci, McGinity and Feuerstein, JJ., concur.