■ VILLAGE/TOWN OF MOUNT KISCO, Appellant, v RENE DUBOS CENTER FOR HUMAN ENVIRONMENTS, INC., et al., Respondents. [784 NYS2d 628]—

In an action, inter alia, to permanently enjoin the sale of real property owned by the defendant Rene Dubos Center for Human Environments, Inc., to any third party proposing to develop the subject property in violation of a certain restrictive covenant, the plaintiff appeals from an order of the Supreme Court, Westchester County (Murphy, J.), entered August 15, 2003, which denied its motion for a preliminary injunction.

Ordered that the order is affirmed, with costs.

The plaintiff sought, inter alia, to enjoin the sale of certain real property to any entity proposing to develop that property in violation of certain restrictive covenant. However, that restrictive covenant was found invalid in a related action involving the same parties (*see Cappelli Armonk, LLC v Village/Town of Mount Kisco*, 12 AD3d 477 [2004] [decided herewith]), and the Supreme Court correctly determined that the plaintiff in this action is bound by that finding under the doctrine of collateral estoppel (*see Ryan v New York Tel. Co.*, 62 NY2d 494 [1984]).

Thus, since the plaintiff could not show the requisite likelihood of ultimate success on the merits, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for a preliminary injunction (*see Doe v Axelrod*, 73 NY2d 748 [1988]). Further, the plaintiff's claim of irreparable injury was merely speculative (*see Golden v Steam Heat*, 216 AD2d 440 [1995]).

The plaintiff's remaining contentions are without merit. H. Miller, J.P., S. Miller, Cozier and Skelos, JJ., concur.