■ In the Matter of JANET C. WILSON, Respondent, v BOARD OF EDUCATION HARBORFIELDS CENTRAL SCHOOL DISTRICT, Appellant. [885 NYS2d 207]—

In a proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the Board of Education of the Harborfields Central School District dated June 24, 2007, which declined to extend the petitioner's employment contract, the Board of Education of the Harborfields Central School District appeals from a judgment of the Supreme Court, Suffolk County (Costello, J.), dated June 4, 2008, which granted the petition, annulled the determination, and awarded an attorney's fee to the petitioner.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

At a meeting on June 24, 2007, the Board of Education of the Harborfields Central School District (hereinafter the Board) passed a resolution declining to extend the petitioner's employment contract. The petitioner then commenced this CPLR article 78 proceeding to review the resolution of the Board, alleging that its action was void because the meeting at which the resolution was passed had been inadequately noticed pursuant to the Open Meetings Law (*see* Public Officers Law §§ 104, 107 [1]). Even if there had been a technical violation of the Open Meetings Law, the petitioner failed to establish that there was good cause to annul the Board's action (*see* Public Officers Law § 107 [1]; *Matter of New York Univ. v Whalen,* 46 NY2d 734, 735 [1978]; *Matter of Specht v Town of Cornwall,* 13 AD3d 380, 381

[2004]; *Matter of Roberts v Town Bd. of Carmel,* 207 AD2d 404, 405 [1994]; *Matter of Sanna v Lindenhurst Bd. of Educ.,* 85 AD2d 157, 160-163 [1982], *affd* 58 NY2d 626 [1982]). Accordingly, the Supreme Court erred in annulling the resolution. In light of the petitioner's failure to establish bad faith on the part of the Board or prejudice to the public, the Supreme Court also erred in awarding an attorney's fee to the petitioner pursuant to Public Officers Law § 107 (2) (*see Matter of Gordon v Village of Monticello,* 87 NY2d 124, 127-128 [1995]; *Matter of Roberts v Town Bd. of Carmel,* 207 AD2d 404, 405 [1994]; *Matter of Goodson Todman Enters. v City of Kingston Common Council,* 153 AD2d 103, 106 [1990]). Rivera, J.P., Florio, Dickerson and Austin, JJ., concur.