■ In the Matter of BRENDAN CUNNEY, Respondent, v BOARD OF TRUSTEES OF THE VILLAGE OF GRAND VIEW, NEW YORK et al., Appellants. [900 NYS2d 110]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Grand View dated April 7, 2008, which, after a hearing, conditionally granted the petitioner's application for an area variance, the appeal is from so much of a judgment of the Supreme Court, Rockland County (Berliner, J.), dated March 31, 2009, as granted that branch of the petition which was to annul the determination on the ground that the Open Meetings Law (Public Officers Law § 100 *et seq.*) had been violated, annulled the determination, and remitted the matter to the Zoning Board of Appeals of the Village of Grand View for a formal decision in open session on the petitioner's application for an area variance.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the petition which was to annul the determination on the ground that the Open Meetings Law was violated is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

The petitioner owns certain real property in the Village of Grand View. He was aware of height restrictions applicable to his property pursuant to the relevant zoning law. The petitioner received site plan approval for new construction, and he built his home in accordance with the approved plan. Due to an error in the topographical data used by the petitioner's architect, however, the completed home exceeded the zoning law's height restriction by approximately three feet. The petitioner was denied a certificate of occupancy by the Village's building inspector and thereafter applied to the Village's Zoning Board of Appeals (hereinafter the ZBA) for an area variance. After a public hearing, the ZBA granted the petitioner's application for an area variance, but only subject to certain conditions. Specifically, the petitioner's pool house—an accessory structure—was to be removed and an unobstructed view was to remain on the northerly side of the property. The petitioner then commenced this proceeding pursuant to CPLR article 78 to review the ZBA's determination, alleging, inter alia, that the conditions imposed upon the granting of the area variance were unreasonable and inconsistent with the spirit and intent of the zoning law, and that the ZBA had violated the Open Meetings Law in making its determination. The Supreme Court found nothing impermissible about the conditions imposed, but granted that branch of the petition which was to annul the determination on the ground that the Open Meetings Law had been violated. The Supreme Court thus annulled the determination and remitted the matter to the ZBA for a formal decision in open session on the petitioner's application for an area variance. The ZBA, the Village Board of Trustees, and the building inspector appeal.

Initially, we agree with the petitioner's assertion that the ZBA violated the Open Meetings Law by failing to vote on the application in public session (see Public Officers Law § 103 [a]; Matter of Oshry v Zoning Bd. of Appeals of Inc. Vil. of Lawrence, 276 AD2d 491, 492 [2000]; Matter of Cipriano v Board of Zoning Appeals of City of Glen Cove, 203 AD2d 362 [1994]). Nonetheless, under the circumstances of this case, the Supreme Court improperly annulled the ZBA's determination on this basis (see Matter of Cipriano v Board of Zoning Appeals of City of Glen Cove, 203 AD2d 362 [1994]). Although the Legislature has granted the courts the discretionary power, upon good cause

shown, to declare void any action taken by a public body in violation of the Open Meetings Law (*see* Public Officers Law § 107 [1]), the petitioner failed to establish such good cause here (*see Matter of New York Univ. v Whalen*, 46 NY2d 734, 735 [1978]; *Matter of Wilson v Board of Educ. Harborfields Cent. School Dist.*, 65 AD3d 1158 [2009], *lv denied* 13 NY3d 714 [2009]; *Matter of Roberts v Town Bd. of Carmel*, 207 AD2d 404 [1994]). Furthermore, the record does not suggest that the ZBA's failure to comply with the precise requirements of the Open Meetings Law was anything more than mere negligence (*see Matter of Roberts v Town Bd. of Carmel*, 207 AD2d at 405). Accordingly, the Supreme Court erred in granting that branch of the petition which was to annul the determination on the ground that the Open Meetings Law had been violated. Mastro, J.P., Eng, Belen and Austin, JJ., concur.