*618 In a proceeding pursuant to CPLR article 78 to review a determination of the Civil Service Commission of the City of New Rochelle dated January 24, 2011, that the petitioner met the residency requirements for a position as housing inspector for the City of New Rochelle, but only reinstated the petitioner to the list of persons eligible for appointment to that position instead of reinstating a prior offer of employment, and in the nature of mandamus to compel the reinstatement of the offer of employment, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Lorenzo, J.), entered May 19, 2011, which denied the petition and dismissed the proceeding.
Ordered that the judgment is affirmed, with costs.
After passing a civil service examination for the position of housing inspector for the City of New Rochelle, the petitioner was ranked as the third person on the list of persons eligible for appointment to that position (hereinafter the eligible list). The petitioner was subsequently selected for appointment to the position, and was asked to meet with the City’s Civil Service Administrator, Y. Jeanett Medina, to provide satisfactory proof of residency and to countersign a written offer letter. The petitioner submitted certain documentation, which Medina did not consider to be satisfactory proof of residency. She thus referred the matter of the petitioner’s residency to the New Rochelle Civil Service Commission (hereinafter the Commission).
The Commission held a public meeting on January 19, 2011, at which the petitioner appeared. The petitioner presented documentation of his residency, and argued that Medina improperly imposed a requirement that the petitioner be a resident of the County of Westchester at the time of his appointment, when the applicable rule required that he be a resident of the County only through the date of the examination. The Commission accepted the petitioner’s proof of residency, and placed him back on the eligible list to be recertified.
The petitioner then commenced this proceeding pursuant to CPLR article 78 to review the Commission’s determination. The petitioner sought a judgment annulling the determination and compelling the Commission, its members, Medina, and the City (hereinafter collectively the respondents) to reinstate the offer of employment for the position of housing inspector, and further to invalidate the results of the meeting based upon alleged violations of the Open Meetings Law (Public Officers Law § 100 et seq.). The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals, and we affirm.
*619 “[M]andamus does not lie to enforce the performance of a duty that is discretionary, as opposed to ministerial” (New York Civ. Liberties Union v State of New York, 4 NY3d 175, 184 [2005]). A party must show a clear legal right to the relief requested (see Matter of Council of City of N.Y. v Bloomberg, 6 NY3d 380, 388 [2006]; Matter of Brusco v Braun, 84 NY2d 674, 679 [1994]). Here, the petitioner’s appointment was not completed and, thus, he remained a candidate for employment with no legally protectable interest in or vested right to appointment (see Matter of Andriola v Ortiz, 82 NY2d 320, 324 [1993] , cert denied sub nom. Andriola v Antinoro, 511 US 1031 [1994] ; Jackson v Nassau County, 245 AD2d 264 [1997]). Civil Service Law § 61 embodies a discretionary governmental appointive power, the reasonable exercise of which should not be limited by courts (see Matter of Andriola v Ortiz, 82 NY2d at 324). Accordingly, the only remedy to which the petitioner was entitled for defects in the appointive process was “not appointment or promotion, but a judicial direction for reconsideration after the prior defect has been corrected” (id. at 325; see Matter of Berger v Walsh, 291 NY 220, 223 [1943]). The petitioner already received that remedy from the Commission by virtue of his reinstatement to the eligible list, from which he will be considered for a position should one become available again. Accordingly, the Supreme Court properly denied that branch of the petition which sought to compel the respondents to reinstate the offer of employment for the position of housing inspector.
The Supreme Court providently exercised its discretion in denying that branch of the petition which sought to invalidate the results of the Commission’s meeting for alleged violations of the Open Meetings Law (Public Officers Law § 100 et seq.). While there were certain violations of the Open Meetings Law in relation to the Commission’s public meeting of January 19, 2011, the petitioner failed to establish good cause to invalidate the results of the meeting (see Public Officers Law § 107 [1]; Matter of New York Univ. v Whalen, 46 NY2d 734, 735 [1978]; Matter of Cunney v Board of Trustees of the Vil. of Grand View, N.Y., 72 AD3d 960 [2010]; Matter of Cipriano v Board of Zoning Appeals of City of Glen Cove, 203 AD2d 362 [1994]; Matter of Thomas v New York Temporary State Commn. on Regulation of Lobbying, 83 AD2d 723 [1981], affd 56 NY2d 656 [1982]). Further, under the circumstances here, an award of costs to the petitioner pursuant to Public Officers Law § 107 (2) would not be appropriate (see Matter of Gordon v Village of Monticello, 87 NY2d 124, 127-128 [1995]; Matter of Wilson v Board of Educ. Harborfields Cent. School Dist., 65 AD3d 1158 [2009]).
*620 The petitioner’s contention that he was deprived of due process of law, raised for the first time on appeal, is not properly before this Court (see Matter of DiSanza v Town Bd. of Town of Cortlandt, 90 AD3d 659 [2011]). The petitioner’s remaining contention was rendered academic by the Commission’s determination that he met the applicable residency requirement.
In light of our determination, we need not reach the respondents’ remaining contention, which they urged as an alternative ground for affirmance. Dillon, J.P., Leventhal, Austin and Roman, JJ., concur.