■ In the Matter of SEYMOUR EDWARDS, Appellant, et al., Petitioners/Plaintiffs, v INCORPORATED VILLAGE OF HEMPSTEAD et al., Respondents, et al., Respondents/Defendants. [996 NYS2d 100]—

In a consolidated proceeding pursuant to CPLR article 78 to review a determination of the respondents/defendants Incorporated Village of Hempstead and Incorporated Village of Hempstead Community Development Agency dated February 7, 2012, which, after a public hearing, approved a "Master Developer Agreement" with the respondent/defendant Renaissance Downtowns UrbanAmerica, LLC, and action for injunctive and declaratory relief, the petitioner/plaintiff Seymour Edwards appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Mahon, J.), entered January 22, 2013, which, inter alia, denied the petitioners/plaintiffs' motion, among other things, to preliminarily enjoin the respondents/defendants Incorporated Village of Hempstead and Incorporated Village of Hempstead Community Development Agency from selling any property to the respondent/defendant Renaissance Downtowns UrbanAmerica, LLC, during the pendency of the proceeding/action, and dismissed the proceeding/action.

Ordered that the order and judgment is affirmed, without costs or disbursements.

Following a public hearing on February 7, 2012, the Incorpo-

rated Village of Hempstead and Incorporated Village of Hempstead Community Development Agency (hereinafter the CDA) approved a "Master Developer Agreement," providing for the sale of certain municipal property to Renaissance Downtowns UrbanAmerica, LLC (hereinafter Renaissance). The petitioner/plaintiff Seymour Edwards commenced a hybrid proceeding pursuant to CPLR article 78 to review the determination of the Village and the CDA approving the Master Developer Agreement, and action for injunctive and declaratory relief, which was consolidated by stipulation with two other hybrid proceedings/actions. Thereafter, the petitioners/plaintiffs moved, inter alia, to preliminarily enjoin the Village and the CDA from selling any property to Renaissance during the pendency of the proceeding/action. In an order and judgment entered January 22, 2013, the Supreme Court, among other things, denied the petitioners/plaintiffs' motion for preliminary injunctive relief and dismissed the proceeding/action. Edwards appeals from the order and judgment, and we affirm.

Contrary to Edwards' contention, the Supreme Court providently exercised its discretion in declining to invalidate the determination of the Village and the CDA, which approved the Master Developer Agreement, based on alleged violations of the Open Meetings Law (Public Officers Law § 100 et seq.). While there were certain violations of the Open Meetings Law in relation to the notice provided of the public hearing on February 7, 2012, the petitioners/plaintiffs failed to establish good cause to invalidate the decision, rendered after the hearing, to approve the Master Developer Agreement (see Public Officers Law § 107 [1]; Matter of Imburgia v Procopio, 98 AD3d 617, 619 [2012]; Matter of Cunney v Board of Trustees of the Vil. of Grand View, N.Y., 72 AD3d 960 [2010]; Matter of Wilson v Board of Educ. Harborfields Cent. School Dist., 65 AD3d 1158 [2009]).

Furthermore, under the circumstances of this case, the Supreme Court properly determined that there was no violation of General Municipal Law § 507 (2) (d) (cf. Town of Babylon v Racanelli Assoc., 171 AD2d 741 [1991]).

The Supreme Court also providently exercised its discretion in denying the petitioners/plaintiffs' motion for preliminary injunctive relief, since they failed to establish a likelihood of success on the merits, and their claim of irreparable injury was merely speculative (see Family-Friendly Media, Inc. v Recorder Tel. Network, 74 AD3d 738 [2010]; Village/Town of Mount Kisco v Rene Dubos Ctr. for Human Envts., Inc., 12 AD3d 501 [2004]).

Edwards's remaining contentions are either without merit or not properly before this Court. Skelos, J.P., Dickerson, Maltese and LaSalle, JJ., concur.