◾ In the Matter of SUSAN PEEHL et al., Appellants, v VILLAGE OF COLD SPRING et al., Respondents. [12 NYS3d 139]—

In a proceeding pursuant to CPLR article 78 to review two determinations of the Zoning Board of Appeals of the Village of Cold Spring, both dated August 2, 2012, which, after a hearing, denied the petitioners' two applications, in effect, for the revocation of a building permit for a shed, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Putnam County (Nicolai, J.), dated February 19, 2013, which granted the motion of the respondents Village of Cold Spring, Zoning Board of Appeals of the Village of Cold Spring, Donald MacDonald, Richard Turner, John F. Martin, Gregory Gunder, and William Bujarski to dismiss the amended petition pursuant to CPLR 7804 (f), denied the amended petition, and, in effect, dismissed the proceeding.

Ordered that the order and judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

Contrary to the petitioners' contention, the record reflects that based on their own version of the events, they had constructive notice as early as 2009 of the fact that the respondents Paul Henderson and Beth Sigler (hereinafter together the shed owners) had been issued a building permit or the purpose of replacing a shed in their backyard. The petition and supporting exhibits further reveal that instead of complaining about the issuance of the building permit within 60 days of receiving constructive notice (*see* Village Law § 7-712-a [5] [b]; *Matter of Palm Mgt. Corp. v Goldstein*, 8 NY3d 337, 339 [2007]; *cf. Matter of Iacone v Building Dept. of Oyster Bay Cove Vil.*, 32 AD3d 1026, 1028 [2006]), the petitioners did not seek relief from the respondent Zoning Board of Appeals of the Village of Cold Spring (hereinafter ZBA) until 2012. Accordingly, the Supreme Court properly concluded that the petitioners could not prevail on their claims that the ZBA improperly dismissed their two substantially similar applications, in effect, for revocation of the building permit due to untimeliness.

In addition, the Supreme Court properly dismissed the claims premised on alleged violations by the ZBA of the Open Meetings Law (Public Officers Law § 100 *et seq.*). Although "courts are empowered, in their discretion and upon good cause shown, to declare void any action taken by a public body in violation of the [the Open Meetings Law]," "not every breach of the [Open Meetings Law] automatically triggers its enforcement sanctions" (*Matter of New York Univ. v Whalen*, 46 NY2d 734, 735 [1978] [emphasis omitted]). Here, even accepting as

true all of the allegations of Open Meetings Law violations set forth in the petition (*see Matter of Brown v Foster*, 73 AD3d 917, 918 [2010]), the petitioners failed to allege facts that would establish good cause to annul the ZBA's determinations (*see Matter of Cunney v Board of Trustees of the Vil. of Grand View, N.Y.*, 72 AD3d 960, 961-962 [2010]; *Matter of Griswald v Village of Penn Yan*, 244 AD2d 950, 951 [1997]; *Matter of Roberts v Town Bd. of Carmel*, 207 AD2d 404, 405 [1994]).

The petitioners' remaining contentions are without merit.

In light of our determination, we need not reach the shed owners' remaining contention. Balkin, J.P., Roman, Sgroi and LaSalle, JJ., concur.

---

Motion by the respondents Village of Cold Spring, Zoning Board of Appeals of the Village of Cold Spring, Donald MacDonald, Richard Turner, John F. Martin, Gregory Gunder, and William Bujarski to dismiss an appeal from an order and judgment (one paper) of the Supreme Court, Putnam County, dated February 19, 2013, on the ground that the appeal has been rendered academic. By decision and order on motion of this Court dated September 23, 2014, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied. Balkin, J.P., Roman, Sgroi and LaSalle, JJ., concur.