SECOND DEPARTMENT, SEPTEMBER, 2017

(September 6, 2017)

■ In the Matter of PETER KRAUSS, as Aggrieved Candidate for the Republican Nomination for the Office of Suffolk County Sheriff, Appellant, v SUFFOLK COUNTY BOARD OF ELECTIONS et al., Respondents. [61 NYS3d 569]—

In a hybrid proceeding pursuant to Election Law article 16, and action, inter alia, pursuant to Public Officers Law § 107

for a judgment declaring void, for failure to comply with the Open Meetings Law (Public Officers Law § 100 *et seq.*), a determination of the Suffolk County Board of Elections invalidating a petition designating Peter Krauss as a candidate in a primary election to be held on September 12, 2017, for the nomination of the Republican Party as its candidate for the public office of Suffolk County Sheriff, the petitioner/plaintiff appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Suffolk County (Leo, J.), dated August 21, 2017, which, among other things, determined that he was not entitled to the declaratory relief requested.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a final order/judgment, inter alia, declaring that the determination of the Suffolk County Board of Elections invalidating the petition designating Peter Krauss as a candidate in the primary election to be held on September 12, 2017, for the nomination of the Republican Party as its candidate for the public office of Suffolk County Sheriff was not void for failure to comply with the Open Meetings Law (Public Officers Law § 100 *et seq.*).

On or about July 13, 2017, a petition was filed with the Suffolk County Board of Elections (hereinafter the Board) designating Peter Krauss as a candidate in a primary election to be held on September 12, 2017, for the nomination of the Republican Party as its candidate for the public office of Suffolk County Sheriff. David A. Arpino filed written objections and specifications of objections to the designating petition with the Board. At a meeting on August 4, 2017, the Board determined that, after reviewing Arpino's written objections and specifications of objections, the designating petition was invalid because it did not contain the requisite number of valid signatures.

Krauss (hereinafter the petitioner) commenced this hybrid proceeding pursuant to Election Law article 16, and action, inter alia, pursuant to Public Officers Law § 107 for a judgment declaring that the Board's determination to invalidate the designating petition was void based upon alleged violations of the Open Meetings Law (Public Officers Law § 100 *et seq.*). The Supreme Court, inter alia, determined that the petitioner was not entitled to the the declaratory relief requested. The petitioner appeals.

The objective of the Open Meetings Law is to foster public accountability by allowing citizens "to observe the performance of public officials and attend and listen to the deliberations and

decisions that go into the making of public policy" (Public Officers Law § 100; *see Matter of Perez v City Univ. of N.Y.*, 5 NY3d 522, 528 [2005]; *Matter of New York Univ. v Whalen*, 46 NY2d 734, 735 [1978]). In furtherance of this objective, courts are empowered, in their discretion and upon "good cause shown," to declare void any action taken by a public body in violation of the Open Meetings Law (Public Officers Law § 107 [1]). "Inclusion by the Legislature of this language vesting in the courts the discretion to grant remedial relief makes it abundantly clear that not every breach of the 'Open Meetings Law' automatically triggers its enforcement sanctions" (*Matter of New York Univ. v Whalen*, 46 NY2d at 735). Here, even if the Board's meeting to review objections to the petitioner's designating petition, which did not involve deliberation on a matter of public policy, could be deemed subject to the Open Meetings Law, the petitioner failed to show good cause why, as a sanction for any technical violations of the Open Meetings Law, the Supreme Court should have exercised its discretion to invalidate the Board's determination (*see Matter of Edwards v Incorporated Vil. of Hempstead*, 122 AD3d 627, 629 [2014]; *Matter of Imburgia v Procopio*, 98 AD3d 617, 619 [2012]; *see also Matter of Max v Ward*, 107 AD3d 1597, 1600 [2013]).

The remaining contention of the Board and Arpino is without merit.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for the entry of a final order/judgment, inter alia, declaring that the Board's determination invalidating the designating petition was not void for failure to comply with the Open Meetings Law (*see Lanza v Wagner*, 11 NY2d 317 [1962]). Dillon, J.P., Chambers, Cohen and Brathwaite Nelson, JJ., concur.