Chestnut Ridge Assoc., LLC v 30 Sephar Lane, Inc. (2019 NY Slip Op 01388)





Chestnut Ridge Assoc., LLC v 30 Sephar Lane, Inc.


2019 NY Slip Op 01388


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2016-08136
 (Index Nos. 14674/10, 456/12)

[*1]Chestnut Ridge Associates, LLC, plaintiff,
v
30 Sephar Lane, Inc., et al., defendants. (Matter No. 1)
30 Sephar Lane, Inc., et al., respondents,Village of Chestnut Ridge Zoning Board of Appeals, et al., appellants. (Matter No. 2)


Terry Rice, Suffern, NY, for appellants.
Feerick Lynch MacCartney & Nugent, PLLC, South Nyack, NY (Dennis E. A. Lynch of counsel), for respondents.



DECISION & ORDER
In a hybrid action, inter alia, for declaratory relief, and proceeding pursuant to CPLR article 78 to review a determination of the Village of Chestnut Ridge Zoning Board of Appeals dated January 17, 2012 in Matter No. 2, the defendants/respondents in Matter No. 2 appeal from an order and judgment (one paper) of the Supreme Court, Rockland County (Gerald E. Loehr, J.), dated June 21, 2016. The order and judgment, insofar as appealed from, granted the petition, annulled the determination, and awarded the plaintiffs/petitioners costs and attorneys' fees pursuant to Public Officers Law § 107(2).
ORDERED that the order and judgment is modified, on the law, by deleting the provision thereof awarding the plaintiffs/petitioners costs and attorneys' fees pursuant to Public Officers Law § 107(2); as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements.
The plaintiffs/petitioners in Matter No. 2, 30 Sephar Lane and Steve's Lawns, Inc., commenced a hybrid action, inter alia, for declaratory relief, and proceeding pursuant to CPLR article 78 against the Village of Chestnut Ridge Zoning Board of Appeals (hereinafter the Zoning Board of Appeals), and various members of the Zoning Board of Appeals (hereinafter collectively the defendants/respondents). In their first cause of action, the plaintiffs/petitioners sought to annul a determination of the Zoning Board of Appeals dated January 17, 2012, on the ground that the determination was made without jurisdiction or authority. The second cause of action sought to annul the determination on the ground that it was rendered in violation of the Open Meetings Law and sought an award of costs and attorneys' fees pursuant to Public Officers Law § 107(2). The sixth cause of action, inter alia, sought a judgment declaring that Local Law No. 1 (2009) of the Village of Chestnut Ridge was unconstitutionally void for vagueness. The defendants/respondents moved, among other things, to dismiss the complaint/petition.
In a prior order and judgment (one paper) dated June 17, 2013, the Supreme Court denied those branches of the defendants/respondents' motion which were to dismiss first, second, and sixth causes of action, granted the petition, annulled the determination dated January 17, 2012, and awarded the plaintiffs/petitioners costs and attorneys' fees pursuant to Public Officers Law § 107(2). The defendants/respondents appealed to this Court from that order and judgment.
Prior to this Court's determination of that appeal, the Supreme Court issued an order dated December 24, 2014, which is the subject of a companion appeal (see Chestnut Ridge Associates, LLC v 30 Sephar Lane, Inc., ____ AD3d ____ [Appellate Division Docket No. 2015-03217; decided herewith]). The order, inter alia, granted that branch of the plaintiffs/petitioners' motion which was for leave to enter a default judgment on the sixth cause of action, which sought a declaration that Local Law No. 1 (2009) of the Village of Chestnut Ridge was unconstitutional as applied to the plaintiffs/petitioners, and denied the defendants/respondents' cross motion for leave to serve a late answer.
Thereafter, in a decision and order dated June 17, 2015, this Court modified the order and judgment dated June 17, 2013, inter alia, by deleting the provisions thereof granting the petition, annulling the determination, and awarding costs and attorneys' fees, and remitted the matter to the Supreme Court for further proceedings, among other things, to afford the defendants/respondents the opportunity to answer (see Chestnut Ridge Assoc., LLC v 30 Sephar Lane, Inc., 129 AD3d 885). This Court also affirmed the denial of that branch of the defendants/respondents' motion which was to dismiss the sixth cause of action in the complaint/petition, which, inter alia, sought a judgment declaring that Local Law No. 1 (2009) of Village of Chestnut Ridge was unconstitutionally void for vagueness.
After remitittur from this Court, the defendants/respondents served an answer to the complaint/petition. In the order and judgment appealed from here, dated June 21, 2016, the Supreme Court, upon remitittur, and after accepting the defendants/respondents' answer, again granted the petition, annulled the determination dated January 17, 2012, and awarded the plaintiffs/petitioners costs and attorneys' fees pursuant to Public Officers Law § 107(2). In addition, the court awarded the plaintiffs/petitioners "summary judgment on [the] Sixth Cause of Action for a declaration that Local Law No. 1 was unconstitutional." The defendants/respondents do not appeal from so much of the order and judgment as awarded the plaintiffs/petitioners summary judgment on their sixth cause of action.
Absent a determination of the Building Inspector or other administrative official charged with the enforcement of the local zoning law, the Zoning Board of Appeals was without jurisdiction to consider Chestnut Ridge Associates' application for an interpretation of the local zoning law to determine if the plaintiffs/petitioners' landscaping business on certain premises was a permitted use in a laboratory office-zoned district (see Village Law §§ 7-712-a; 7-712-b; Zoning Law of the Village of Chestnut Ridge, New York, article XV[2]; Barron v Getnick, 107 AD2d 1017, 1018). Accordingly, we agree with the Supreme Court's annulment of the determination of the Zoning Board of Appeals on that basis.
In enacting the Open Meetings Law, the Legislature sought to ensure that "public business be performed in an open and public manner and that the citizens of this state be fully aware of and able to observe the performance of public officials and attend and listen to the deliberations and decisions that go into the making of public policy" (Public Officers Law § 100; see Matter of Perez v City Univ. of N.Y., 5 NY3d 522, 528; Matter of New York Univ. v Whalen, 46 NY2d 734, 735; Matter of Krauss v Suffolk County Bd. of Elections, 153 AD3d 1211, 1212-1213). In furtherance of that objective, the Legislature has granted the courts the discretionary power, upon good cause shown, to declare void any action taken by a public body in violation of the Open Meetings Law (see Public Officers Law § 107[1]; Matter of Krauss v Suffolk County Bd. of Elections, 153 AD3d at 1213; Matter of Cunney v Board of Trustees of the Vil. of Grand View, N.Y., 72 AD3d 960, 961-962). Moreover, in a proceeding commenced pursuant to Public Officers Law § 107, "costs and reasonable attorney fees may be awarded by the court, in its discretion, to the successful party" (Public Officers Law § 107[2]; see Matter of Gordon v Village of Monticello, 87 NY2d 124, 126). "Not every breach of the Open Meetings Law automatically triggers its [*2]enforcement sanctions" (Matter of New York Univ. v Whalen, 46 NY2d at 735).
Here, the record supports a finding that the Zoning Board of Appeals violated the Open Meetings Law with regard to a workshop meeting held on January 17, 2012, by failing to give proper notice of the meeting (see Village Law § 7-712-a[7]; Public Officers Law § 104[1]). However, the plaintiffs/petitioners failed to establish good cause to annul the Board's determination on that ground, as the improperly noticed meeting was open to the public and the determination at issue was adopted at a publicized, public meeting, after a series of public meetings with regard thereto had previously been held (see Public Officers Law § 107[1]; Matter of Peehl v Village of Cold Spring, 129 AD3d 844, 845-846; Matter of Cunney v Board of Trustees of the Vil. of Grand View, N.Y., 72 AD3d at 961; Matter of Wilson v Board of Educ. Harborfields Cent. School Dist., 65 AD3d 1158, 1158; Matter of Center Sq. Assn., Inc. v City of Albany Bd. of Zoning Appeals, 19 AD3d 968, 969-970; Matter of Malone Parachute Club v Town of Malone, 197 AD2d 120, 124). Accordingly, the Supreme Court should not have annulled the determination of the Zoning Board of Appeals on the ground that the Open Meetings Law had been violated, and should not have awarded the plaintiffs/petitioners costs and attorneys' fees pursuant to Public Officers Law § 107(2) based on that violation (see Public Officers Law § 107[1], [2]; Matter of Cunney v Board of Trustees of the Vil. of Grand View, N.Y., 72 AD3d at 962; Matter of Wilson v Board of Educ. Harborfields Cent. School Dist., 65 AD3d at 1159).
In light of our determination, we need not reach the defendants/respondents' remaining contentions.
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court